## WOOLLEN v. LORENZ.
### No. 6982.

United States Court of Appeals for the
District of Columbia.

Argued March 9, 1938.

Decided May 2, 1938.

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

Henry I. Quinn, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Appellant, a resident of North Carolina, brought her action in the court below against the administrator of the estate of Clarence B. Seal to recover damages for personal injuries claimed to have been sustained by her in North Carolina as the result of Seal's negligent operation of an automobile in which appellant was riding as his guest.

The declaration alleges that she was injured September 1934 and that appellee was appointed administrator in September 1936. The concluding paragraph of the declaration is as follows: "By the law of the State of North Carolina said cause of action which said plaintiff has against said decedent survives against such decedent's estate, and is not barred by the death of the tort feasor." The administrator demurred to the declaration on the grounds that the law of the District of Columbia governed and that under that law the action could not be maintained. The lower court sustained the demurrer, and the case is here on appeal.

The single question is whether an action may be maintained in the District of Columbia by a resident of North Carolina against the administrator of a deceased resident of the District to recover for personal injuries alleged to have been inflicted in North Carolina by the negligent act of the decedent.

Counsel for appellant have been diligent in assembling authorities which support the contention that the law of the place where a cause of action arises governs its survival, and undoubtedly that is the correct rule. Ormsby v. Chase, 290 U. S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499. But the rule assumes the existence, in the state of the forum, of the necessary procedural machinery. Accordingly the rule does not meet the question in this case. Rather it is whether the laws of the District of Columbia permit the administrator of the deceased wrongdoer to be sued on a personal injury claim like that asserted in this cause. If they do not, the court below was without jurisdiction to hear the cause and appellant is without remedy "because the forum fails to provide a court with jurisdiction of the controversy." Bradford Electric Light Co., Inc., v. Clapper, 286 U. S. 145, 160, 52 S.Ct. 571, 576, 76 L.Ed. 1026, 82 A.L.R. 696. And this brings us to consider the local statute.

Title 29, section 251, of the Code of 1929, provides: "Executors and administrators shall have full power and authority to commence and prosecute any personal action at law or in equity which the testator or intestate might have commenced and prosecuted, except actions for injuries to the person or to the reputation; and they shall also be liable to be sued * * * in any action at law or in equity, except as aforesaid, which might have been maintained against the deceased." The concluding part of the foregoing section, standing

unqualified and unconstrued, says in plain words that an administrator shall not be liable to suit in the courts of the District of Columbia upon personal injury claims. Until comparatively recently many of the States retained the common law rule by similar statutes, and this was true of the two States surrounding the District of Columbia and to which the District is both geographically and historically most nearly related. In each the bar against survival of personal injury actions has now been removed, and a suit in all respects similar to this would now be triable in either Virginia or Maryland. But this change of legislative viewpoint does not affect the question we have to decide, for neither the question of public policy on the one hand, nor of comity on the other, is involved so far as we are concerned. Here, as we have seen, we are confronted by a statute refusing permission to anyone to bring an action against the executor or administrator of a deceased resident of the District of Columbia upon a claim arising as the result of personal injuries. If we are to give it effect we must sustain the order of dismissal.

The precise question arose in New York in 1934 [1] under a statute of that State which is not distinguishable from the statute of the District to which we have referred. In that case the injury occurred in Virginia, and under a law of Virginia the claim for damages for the wrong survived. Suit was brought in New York against the representative of the deceased wrongdoer. Under the New York law, as under the District of Columbia law, [2] the cause of action for personal injury did not survive the death of the wrongdoer or of the injured person, and also as here, the law forbade suit for personal injuries to be maintained by or against the decedent's personal representative. Commenting on these statutory provisions, the New York Court of Appeals said (page 24 of 191 N.E.): "The Legislature has not merely failed to provide, as many other states have done, that causes of action for personal injury shall survive the death of the wrongdoer, but the Legislature, though it has affirmatively pro-

vided for the prosecution of some causes of action against the executors and administrators of a wrongdoer after his death, has expressly refused to sanction causes of action for personal injury against such executors or administrators. Where neither common law nor a statute permits the bringing of an action against executors or administrators of a deceased resident, the courts of this state are without jurisdiction to pass upon such a cause of action. There is here no room for speculation as to whether the cause of action against the representatives of the deceased wrongdoer created by the laws of the state of Virginia offends our public policy. The rights and obligations of executors and administrators appointed by our courts are defined by our law, and our courts are without jurisdiction to grant a judgment binding on the executors or administrators appointed here unless our law makes provision for such actions against executors and administrators. Each state may define the rights and obligations of those who come within its territorial bounds * * * ."

What was said by the New York Court appears to us to be the only possible answer to the question decided there and present here. And we are fortified in our view in this respect by the Restatement of the Law of the Conflict of Laws, § 390, comment (b), as follows:

"If a claim for damages for injury survives the death of the injured person or the wrongdoer, as the case may be, by the law of the place of the wrong, recovery may be had upon it by or against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to sue or be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had."

It will thus be observed that the bar to appellant's right to recover in this case results not from a rejection of the rule that the lex loci determines the right to assert a cause of action for personal injury. If that were the question, we should have no hesitation in holding in favor of appellant.

---

[1] Herzog v. Stern, 264 N.Y. 379, 191 N. E. 23.

[2] Title 24, section 31, D.C.Code 1929:
"On the death of any person in whose favor or against whom a right of action may have accrued for any cause except an injury to the person or to the repu-

tation, said right of action shall survive in favor of or against the legal representatives of the deceased; but no right of action for an injury to the person, except as provided in title 21 of this code [death by wrongful act], or to the reputation, shall so survive."

But the obstacle which here bars appellant's right to recover is the provision of the law of the District of Columbia denying to her or to anyone else the right to maintain such an action in the courts of the District and forbidding the entry of judgment against executors or administrators on such a cause. This is a jurisdictional bar which cannot be surmounted except by remedial legislation, which in New York, followed the decision in the Herzog Case, and, which, in our opinion, may in the District of Columbia very well follow the decision in this case in order to put the District in line with the modern trend of legislation and legal thought on this subject.

Affirmed.