## MUIR v. KESSINGER.

### No. 102 Civ.

District Court, E. D. Washington, N. D.
Oct. 16, 1940.

Funkhouser & Twohy, of Spokane, Wash., for plaintiff.

Hamblen, Gilbert & Brooke, of Spokane, Wash., for defendant.

NETERER, District Judge.

It is claimed that the Industrial Insurance Act of Washington abolishes all right of civil causes of action for personal injuries, and all jurisdiction of the Courts of the State over such causes of action are expressly withdrawn.

■ The Industrial Insurance Act, Laws 1911, p. 345, 3 Rem. & Bal.Code, Sec. 6604— 1 et seq., cannot relieve the defendant. This act has application only to the common-law system governing remedy of workman against employers for injuries received in hazardous work. "In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in *such* works, formerly occasional, have become frequent and inevitable. [Italics supplied.] The welfare of the state depends upon its industries, and even more upon the welfare of its wage-worker. * * *"

■■ The workmen's compensation act does not cover the tort claimed. This act is not opposed to the common-law theory of recompense for injury. Reynolds v. Day, 79 Wash. 499, at 505, 140 P. 681, L.R.A.1916A, 432. The common-law action may still be maintained and its remedy enforced in all cases not specially covered by the Industrial Insurance Act (even against the employer). Reynolds v. Day, supra. The act is available only to an employer contributing to the statutory insurance fund, and such payment is a matter of affirmative defense which must be pleaded and proved in order to defeat an action at law against the employer for injury to his employee. Acres v. Frederick & Nelson, 79 Wash. 402, 140 P. 370. The complaint is not shown to be within the act supra.

■ The cause of action arose in Montana the place of the wrong where by the State statute tort survives the death of the wrongdoer. Sec. 9086, Rev.Codes of Montana; Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499. The tort action is transitory and may be brought wherever service may be had. Tennessee Coal Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997, L.RA. 1916D, 685; Reynolds v. Day, 79 Wash. 499, 140 P. 681, 683, L.R.A.1916A, 432, supra.

■ It may be conceded that plaintiff has not a strict right to bring the action in this jurisdiction, but that comity may make available this jurisdiction, but it is urged that it would violate public policy of Washington to do so. The Courts of the State may define the policy, and in Reynolds v. Day, supra, the Washington Supreme Court says: "There is nothing penal in the common-law action, nor anything contrary to good morals or natural justice, nor is it, for any cognate reason, prejudicial to the general interests of our citizens."

■ As said by the United States Supreme Court in Chambers v. Baltimore & Ohio R. R., 207 U.S. 142, at page 148, 28 S.Ct. 34, 35, 52 L.Ed. 143, "the right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of other states to the *precise extent that it is allowed to its own citizens.* [Italics supplied.] Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution." (Citing cases)

The defendant urges also that by Sec. 1518 and 1520, Rem.Rev.Stat. of Washington, there is a limitation as to classes of action which may be brought in Washington against an Administratrix.

■ Actions founded on contract may be maintained in Washington against Executors and Administrators, Sec. 1518, Rem.Rev. This is not an action on contract, Compton v. Evans, 200 Wash. 125, 93 P.2d 341. Sec. 1520, supra provides: "any person, or his personal representatives, shall have an action against the executor or administrator of any estate or intestate, who in his lifetime shall have wasted, destroyed, taken, or carried away, or converted to his own use, the goods and chattels of any such person, or committed any trespass on the real estate of such person."

■ This action is predicated upon the procedural machinery provided under the Probate Law, but the action may not be entertained under Sec. 1520, supra. This is not because the tort does not survive in Montana, but the claim is excluded from claims which may be pressed by suit against the estate. A State may decline a remedy in its Courts upon a tort arising in another jurisdiction, Gray v. Blight, 10 Cir., 112 F.2d 696; Herzog v. Stern, 264 N.Y. 379, 191 N.E. 23; Woollen v. Lovenz, 68 App.D.C. 389, 98 F.2d 261. Compton v. Evans, 200 Wash. 125, 93 P.2d 341. Plaintiff's attorneys severely criticize these cases, saying no Judge, nor text writer has defended the maxim actio personalis moritur persona for 200 years and the Court should not follow this Rule. The Court is powerless to make the Law. The function of the Court is to construe and apply the Law. The making of the Law belongs to the Legislature branch of the Government. After the Herzog decision the New York Legislature changed its law. The Legislature of Washington has from time to time considered phases of this matter and has enacted laws in relation thereto, Compton v. Evans, supra, but has not changed the Law.

■ Art. 4, Sec. 2, of the Constitution of the United States provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." This provision is not trespassed upon, as no citizen of any State is denied any privileges or immunities enjoyed by a citizen of the State of Washington. Chambers v. Baltimore & Ohio R. R., supra. To analyze, or distinguish other cases cited would unduly extend this memorandum.

The motion to dismiss must be and is hereby granted.