Argued January 28; affirmed March 4, 1941

In re Vilas' Estate
VILAS et al. *v.* HARALA
(110 P. (2d) 940)

Before Kᴇʟʟʏ, Chief Justice, and Bᴇʟᴛ, Bᴀɪʟᴇʏ and Lᴜsᴋ, Associate Justices.

*Clarence J. Young*, of Portland (Dey, Hampson & Nelson and Richard B. Maxwell, all of Portland, on the brief), for appellants.

*H. E. Collier*, of Portland (John B. McCourt and Collier, Collier & Bernard, all of Portland, on the brief), for respondent.

BAILEY, J. Charles J. Vilas and Annie E. Vilas have appealed from an order of the circuit court of the state of Oregon for Multnomah county, department of probate, denying their petition to have set aside and vacated an order of that court appointing Albert Harala administrator of the estate of Robert John Vilas, deceased, a resident of the state of Washington at the time of his death.

On May 4, 1939, Bonnie Simms in *propria persona* and by Gerda Gurdane, her guardian *ad litem*, filed a petition in the circuit court for Multnomah county, department of probate, in which it was alleged that Robert John Vilas, a resident and inhabitant of the state of Washington, died July 31, 1938, in Multnomah county, Oregon, "leaving assets therein"; that Charles J. Vilas, a resident of Vancouver, Washington, and father of the deceased, was his heir; that the decedent left no will; and that more than sixty days had elapsed since his death, during which time no proceedings had been instituted for the probate of his estate. The petition then set forth that Bonnie Simms was injured while riding in an automobile in Multnomah county, Oregon, as the result of a collision between the car in which she was riding and one driven by Robert John Vilas, due to the carelessness and negligence of Vilas; that Gerda Gurdane thereafter was appointed as her guardian *ad litem* for the purpose of bringing an action against the administrator of the estate of Robert John Vilas, deceased, for the recovery of damages for such injury suffered by Bonnie Simms; and "that it is necessary that this court appoint an administra-

tor so that an action can be commenced in accordance with chapter 32 of the General Laws of Oregon for the year of 1937." Acting upon this petition, the court appointed Albert Harala administrator of the estate of the deceased, and thereafter Harala duly qualified as such administrator.

On June 29, 1939, Charles J. Vilas and Annie E. Vilas, father and mother respectively of the decedent, filed in that proceeding a petition asking that the appointment of Albert Harala as administrator of the estate of Robert John Vilas be set aside. After setting forth the death of Robert John Vilas in Multnomah county, Oregon, and the appointment of Harala as administrator in Oregon, the petition averred that the decedent left no estate or assets of any kind or nature whatever within the state of Oregon and that long prior to the filing of a petition for the appointment of an administrator in Oregon, Charles J. Vilas, the father of the decedent, had been appointed administrator of the estate of the deceased Robert John Vilas in Clark county, Washington.

Citation was thereupon issued by the circuit court for Multnomah county, department of probate, to Albert Harala to show cause why the petition of Charles J. Vilas and Annie E. Vilas should not be allowed. The answer of Albert Harala, administrator, to this citation set forth among other things that the automobile which Robert John Vilas owned and was driving at the time of the accident resulting in his death "remained and was kept within Multnomah county, Oregon, and was an asset of the decedent in Multnomah county." Further allegations follow:

"The Farmers Automobile Inter-Insurance Exchange was at all times mentioned herein qualified to

do and doing business within the state of Oregon, and is subject to the service of process within the state of Oregon, and within Multnomah county; prior to the death of the said Robert John Vilas, the said Farmers Automobile Inter-Insurance Exchange had issued to him its policy of insurance indemnifying him against loss by reason of damages caused by the operation of his automobile afore-mentioned, and the said policy was at the time of the death of the said Robert John Vilas and is now in full force and effect, and said insurance company is liable for the payment of any damages recovered by persons injured because of the collision aforesaid.''

The answer to the citation further alleged the filing of a petition for the appointment of an administrator in Oregon, the appointment and qualification of Albert Harala as such administrator, the institution of an action by Bonnie Simms in the state of Oregon against Harala as administrator to recover damages because of injuries which she had sustained due to the negligence of the decedent, and that Harala had immediately turned over the papers served upon him to the Farmers Automobile Inter-Insurance Exchange, ''calling upon it to defend in accordance with the terms'' of the policy of insurance issued by it. In the concluding paragraph it is set forth that at no time since the appointment of Charles J. Vilas on January 5, 1939, by the superior court of Clark county, Washington, as administrator of the estate of Robert John Vilas, deceased, has Charles J. Vilas administered upon that estate.

Upon the overruling of their demurrer to the foregoing answer, Charles J. Vilas and Annie E. Vilas filed a reply in which it is admitted that Farmers Automobile Inter-Insurance Exchange was qualified to do, and doing, business within the state of Oregon during

all the times mentioned; that it issued to Robert John Vilas a policy of liability insurance "in respect to the operation of said automobile"; and that such policy was at the time of his death and still is in full force and effect. The reply further admits the institution of an action by Bonnie Simms against the Oregon administrator and the turning over by that administrator of papers served upon him to Farmers Automobile Inter-Insurance Exchange.

As an affirmative reply it is alleged that the automobile which was being driven by Robert John Vilas at the time of his death was, on August 2, 1938, removed to Vancouver, Washington, and that it had continuously since that time remained in Clark county, Washington, and had been taken into possession by the administrator appointed in Washington. It is also alleged that prior to July 31, 1938, the date of the accident, and ever since that time, Farmers Automobile Inter-Insurance Exchange was and now is a corporation organized and existing under and by virtue of the laws of the state of California, and was authorized to and doing business in the state of Washington and subject to service of process within that state, and:

". . . That the agreement by said exchange with said decedent to issue to decedent the policy of automobile liability insurance referred to in said paragraph, was made in Clark county, Washington. That thereafter said policy of liability insurance was issued by said exchange from its Los Angeles, California, office and delivered to decedent in Vancouver, Clark county, Washington. That said policy of automobile liability insurance thereafter remained in the possession of decedent in Vancouver, Clark county, Washington, continuously to the time of his death. That thereafter the possession of said insurance policy passed to your petitioners, as mother and father of

said decedent, and said policy of insurance has continuously remained in Vancouver, Clark county, Washington, to and including the present time.''

As a further affirmative reply the petitioners allege that Bonnie Simms was at all times mentioned and now is a resident and inhabitant of the state of Washington; and that there was not at the time of filing her petition or since the death of Robert John Vilas any creditor of the estate of Robert John Vilas resident in Oregon.

What is termed an answer to the affirmative reply was filed by Albert Harala, which repeats many of the allegations contained in the petition for appointment of an administrator and his answer to the citation and denies some of the allegations of the petitioners' affirmative reply.

Thereafter the court on motion of Albert Harala as administrator entered an order denying the petition of Charles J. Vilas and Annie E. Vilas to have Harala's appointment as administrator declared null and void, and from such order this appeal is taken.

■ The above-mentioned motion of Albert Harala as administrator should be treated as in the nature of a motion for an order or decree on the pleadings. In determining whether this motion should have been allowed we must take as true the facts alleged both in the petition of Charles J. Vilas and Annie E. Vilas to have the appointment of Harala set aside and in their reply to Harala's answer and response to the citation. We may take as true only such statements made by Harala as are admitted by the petitioners Charles J. Vilas and Annie E. Vilas.

Inasmuch as the automobile which was owned and driven by Robert John Vilas at the time of the accident

was only temporarily in the state of Oregon and was removed shortly thereafter to Vancouver, Washington, and there kept, it could not be considered as an asset of the decedent's estate in Oregon at the time application was made in Multnomah county for the appointment of an administrator. The question therefore arises whether the liability of Farmers Automobile Inter-Insurance Exchange under the above-mentioned indemnity insurance policy was an asset in the state of Oregon of the deceased upon which to base the appointment of an administrator.

It is argued here by the appellants, Charles J. Vilas and Annie E. Vilas, that any claim of Bonnie Simms for damages because of injuries suffered by her due to the carelessness of the decedent should be asserted in the superior court of the state of Washington against the administrator appointed by that court, for the reason that both Bonnie Simms and the decedent were residents of Clark county, Washington, and all assets of the estate of the decedent were located in that county.

Chapter 32, Oregon Laws 1937, the first three sections of which are now codified respectively as §§ 8-904, 8-905 and 1-312 O. C. L. A., provides that causes of action arising out of injury to or death of a person brought about by the wrongful act or negligence of another shall not abate upon the death of the wrongdoer. The fourth section of chapter 32 repeals all laws in conflict with the act. The first three sections thus read:

"Section 1. Causes of action arising out of injury to the person or death, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the personal

representatives of the wrongdoer; provided, however, that the injured person shall not recover judgment except upon some competent satisfactory evidence other than the testimony of said injured person; and provided further, that the damages recoverable shall not exceed $10,000.

"Section 2. In the event no probate of the estate of the wrongdoer has been instituted within 60 days from the death of the wrongdoer, the court, upon motion of the injured person, or the personal representatives of one meeting death, as stated in section 1 of this act, shall appoint an administrator of the estate of the wrongdoer.

"Section 3. In the event of the death of a wrongdoer, as designated in section 1, while an action is pending, the court, upon motion of the plaintiff, shall cause to be substituted as the party defendant the personal representative of the wrongdoer, and the cause of action shall continue against such personal representative."

 In asserting that Bonnie Simms should have brought the action in the state of Washington, the appellants contend that since the cause of action arose in Oregon and under the provisions of the Oregon law the right to maintain an action for damages does not abate upon the death of the wrongdoer, she would have a right to bring an action against the Washington administrator of the estate of Robert John Vilas, deceased, for the injuries suffered by her due to the negligence of the decedent. The law of the forum in which relief is sought controls, however, in all matters pertaining to remedial rights, and under the Washington law the right to maintain an action for unliquidated damages founded on the tort of the decedent dies with the tortfeasor: *Compton v. Evans*, 200 Wash. 125, 93 P. (2d) 341. Therefore, Bonnie Simms could not maintain in Washington an action against the administrator of

the estate of Robert John Vilas, deceased: *Muir v. Kessinger*, 35 F. Supp. 116; *Gray v. Blight*, 112 F. (2d) 696, and authorities cited in footnote. See also, in this connection, *Herzog v. Stern*, 264 N. Y. 379, 191 N. E. 23, and *Woolen v. Lorenz*, 98 F. (2d) 261. Restatement of the Law of Conflict of Laws, § 390, sets forth the rule as follows:

"If a claim for damages for injury survives the death of the injured person or the wrongdoer, as the case may be, by the law of the place of wrong, recovery may be had upon it by or against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to sue or be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had."

In the case of *Muir v. Kessinger*, supra, the plaintiff minor, a citizen of Montana, was injured in that state through the alleged negligence of Wallner, who died as the result of the accident. Wallner was a resident of Washington and the defendant was the administrator of his estate in Washington. In Montana by "the state statute tort survives the death of the wrongdoer". The action was brought in the federal district court for the eastern district of Washington, northern division. Judge Neterer, who heard the case, dismissed the action on the ground that under the Washington law action for tort dies with the wrongdoer.

*Reynolds v. Day*, 79 Wash. 499, 140 P. 681, L. R. A. 1916A, 432, is relied upon by counsel for the appellants in support of their contention that Bonnie Simms could enforce in Washington a right which accrued to her in Oregon. That case, however, does not pass upon the right of one injured to maintain against the administrator of the estate of the decedent tortfeasor an action for damages.

We now revert to the question of whether the liability insurance carried by the decedent is such an asset in the state of Oregon as will support the appointment of an administrator of the estate of the decedent. The cause of action arose in Multnomah county, Oregon. Farmers Automobile Inter-Insurance Exchange was at the time of the accident, and ever since that time has been, authorized to do and doing business in the state of Oregon and subject to the service of process within Multnomah county, Oregon. By its policy of insurance that company undertook to pay damages recovered against the insured.

Section 19-210 O. C. L. A. provides that administration of the estate of an intestate shall be granted by the court authorized to take proof of will "as prescribed in § 19-206, in case such intestate had made a will." Before taking up the provisions of § 19-206 O. C. L. A. we shall consider to whom letters of administration may be issued under § 19-210, *supra*. Such letters are granted in the following order: 1. To the widow, widower or next of kin; 2. To one or more of the principal creditors having claims against the estate which accrued prior to the death of the deceased; 3. To certain individuals if the deceased was a citizen or subject of a foreign country; 4. To any other person competent and qualified whom the court may select.

Under § 19-211 O. C. L. A. those designated in subdivision 1 of the preceding section are required to apply within thirty days of the death of the intestate; those in subdivision 2, within forty days; and those in subdivision 3, within fifty days. According to chapter 32, Oregon Laws 1937, the court may, upon the application of an injured person or his personal representative, appoint an administrator of the estate of a

deceased wrongdoer in the event that no probate of the latter's estate had been instituted within sixty days of his death.

Turning now to § 19-206, *supra*, we find that "proof of a will shall be taken by the county court" when the testator, not being an inhabitant of this state, "shall have died in the county leaving assets therein."

In support of his contention that there were assets of the decedent in the state of Oregon sufficient to authorize the appointment of an administrator, the respondent, Harala, cites and relies upon *Robinson v. Dana*, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437, and *Gordon v. Shea*, 300 Mass. 95, 14 N. E. (2d) 105.

Application was made to the probate court of New Hampshire, in *Robinson v. Dana*, supra, for the appointment of an administrator of the estate of a deceased tortfeasor. The probate court dismissed the petition and upon appeal the superior court found that the decedent driver was not at any time a resident of the county where administration was sought and left no estate there, "unless as a matter of law the protection afforded" by a policy of liability insurance "is such a property right or interest as will warrant the appointment of an administrator here, and as to that the court rules that it is not."

The case was transferred by the superior court to the supreme court for its opinion. The latter court ordered that the administrator be appointed in accordance with the petition.

The court in its opinion points out that for both resident and nonresident decedents there must be an estate within the state to warrant the appointment of an administrator. After referring to decisions of that court holding that an administrator may seek discovery

of assets and cancelation of fraudulent conveyances by a decedent, so far as necessary to satisfy the claims of the latter's creditors, the opinion proceeds as follows:

"These cases hold that the administrator represents the creditors and stands in their right, the decedent having no right to undo the fraud. Since the debtor's death does not defeat the creditors' rights to reach the assets, their right to have an administrator appointed is a necessary incident of their right to reach the assets. The assets are not estate belonging to the decedent at his death and the heir may claim no part of them. But so far as needed to pay debts, they are assets of the estate. It has never been suggested that, if there were no other assets, appointment would not be within the court's power or that proof of the fraud would be essential to the exercise of the power."

It is then stated that the probate courts are not expected to pass upon claims determinable in other tribunals. The opinion further says:

"Although performance of the promise claimed as estate is not yet due and will not be until its conditions are fulfilled, it is an obligation of a contractual nature. It is estate, in the statutory meaning, owned by the decedent when he died. The event had taken place on account of which he was entitled to protection if certain things were done. * * * The conditions to which the promise is subject and which bar action on it until their fulfillment do not make it any the less an existing obligation.

"While in the claimant's action to establish the liability of the estate he may not make the promisor a party by trustee process . . ., the promisor may thus be joined in a suit upon the judgment obtained . . . , or the promisor's liability may then be enforced by bill . . . ."

With reference to the question of situs of the promise, the court observed that a debt is a legal relation between two parties and is situated at least as much with the debtor against whom the obligation must be enforced as it is with the creditor.

The appellants herein assert that the effect of the decision just discussed is lessened as applied to the case at bar by the statement of the court therein that the deceased tortfeasor was at least a temporary resident of New Hampshire at the time of his death. In this connection, what the court said was this:

"In respect to ownership, the decedent at his death was a local resident. If the residence was but temporary, yet he was more than a transient. If his domicile was elsewhere, he was in fact living here. His intangibles were with him and where he was as much as anywhere else for the purpose of control and possession. In respect to enforcement, the promisor has a temporary residence here, prospectively to continue. Thus, whether situs is considered from the creditor's or the debtor's standpoint, its demands are met."

According to the facts stated in the opinion the only asset owned by the decedent in the state of New Hampshire was the "protection afforded by said insurance policy".

In *Gordon v. Shea,* supra, a petition was filed for revocation of the decree of a probate court appointing Anna E. Shea administratrix of the estate of Samuel S. Gordon, late of Rhode Island, deceased. The petitioner was a resident of Rhode Island and the widow of Samuel S. Gordon. Her request for revocation of the decree was based on the alleged grounds that Gordon was domiciled and resident in Rhode Island and that he did not own any real estate, personal property or tangible or intangible interests in any property in

Massachusetts, and that therefore the probate court lacked jurisdiction to make the appointment.

The facts appearing in the opinion are the following: In July, 1935, an accident occurred in Massachusetts involving two automobiles, one owned and operated by Samuel S. Gordon of Rhode Island, and the other owned by Charles H. Noyes of New Hampshire. In the accident Charles H. Noyes, his wife and daughter suffered personal injuries. Actions were instituted by all three against Gordon, and service was made under the statutes of Massachusetts upon the registrar of motor vehicles of that state. Those actions were being defended by Gordon at the time of his death. His widow refused for more than thirty days to petition for the appointment of an administrator of his estate. Thereupon Mable R. Noyes, one of the injured parties, as creditor filed a petition and procured the appointment of Anna E. Shea as administratrix. That administratrix was substituted as defendant and judgments were recovered against her as such administratrix in the three tort actions.

In regard to the provisions of the law relating to the appointment of an administrator, the court held that the word "creditors" as used in the statute included a person having a claim for personal injuries against the deceased due to his negligence. In ruling that the appointment of the administratrix was not invalid, the court stated:

"The exact question is whether a debt or obligation owed the deceased by a corporation amendable to process in this commonwealth is an asset here and justifies the appointment of an administrator. When a creditor is concerned, administration may be granted where a 'prima facie case is made out to authorize the granting administration of an estate, in order to enable a cred-

itor to enforce his legal remedy in another tribunal.' * * * 'A debt due to the intestate from any party having a domicil in this state, or any demand or right, requiring legal authority for its enforcement, is sufficient to give jurisdiction for such an appointment.' * * * A statute of this nature is given a liberal construction. * * * 'The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the commonwealth, against whom or through whom those rights may be asserted.' The case at bar is precisely within the authority of the well-reasoned opinion in Robinson v. Carroll . . . [ Robinson v. Dana, *supra* ]. The principle invoked by the respondent to uphold her appointment as administratrix is supported by decisions of other courts where administration has been granted upon facts similar to those here involved.'' [ Citing many authorities. ]

In the recent case of *American Surety Company v. Sutherland*, 35 F. Supp. 353, proceedings were brought by American Surety Company, seeking a declaratory judgment that the terms of an insurance policy issued by it had been breached, and for a declaration of non-liability. Several children were riding with Vaughn Sutherland when they were injured through his alleged gross negligence. Vaughn Sutherland died and thereafter an administrator of his estate was appointed and actions were brought against the administrator for recovery of damages by those injured. Judgment was recovered against the administrator by the plaintiffs in the various actions.

It appears from the opinion that there were no assets of the deceased Vaughn Sutherland other than the protection afforded by a policy of insurance issued to the decedent by American Surety Company, indemnifying him against liability for damages for bodily

injuries. The court found that the insurance company had been duly notified of the pendency of the actions and given opportunity to defend, and that there was no collusion between the administrator and the plaintiffs or their attorneys.

The opinion therein of the United States district court for the northern district of Georgia, Atlanta division, in holding that the surety company was liable on the terms of its policy to the judgment creditors, said:

"Therefore, in this proceeding requesting a declaration of nonliability, the respective rights of the parties under the circumstances of the case and the terms of the policy must be determined. Under the facts as found, the insurer had proper notice of the pendency of the suits against an administrator of an estate having no actual assets, but which was protected to the extent of $10,000 by a policy obtained by his decedent as against the claims of the plaintiffs, should they recover. While not technically an asset of the estate, if the plaintiffs obtained a legal judgment against the administrator it was as to such claimants an actual asset, and in fact if the judgment had not been paid the administrator could have sued the insurer in his name for the benefit of the judgment claimants." [ Citing Robinson v. Dana, *supra.* ]

See also 21 Am. Jur., Executors and Administrators, § 40 at page 396.

The factual situation in each of the three cases above reviewed differs somewhat from that of the case before us. In the New Hampshire case, *Robinson v. Dana*, the automobile driven by the decedent at the time of the accident belonged to his adoptive mother. "She held the policy insuring the liability." There the question turned upon the right of the probate court "to appoint an administrator of the decedent's estate

when satisfaction, in whole or in part, of the liability upon its determination has been promised under certain conditions to or in behalf of the decedent by a, third party, without showing estate of a general character, and when the promisor is within the jurisdiction.''

In the Massachusetts case, *Gordon v. Shea*, the plaintiffs and the tortfeasor were not residents of Massachusetts, where the accident occurred. The application to have the probate proceedings set aside was filed after judgment had been entered against the administrator; while in the Georgia case, *American Surety Company v. Sutherland*, judgment had been entered against the administrator before the surety company asked for a determination of its rights under the insurance policy issued by it. In this last case it would appear that the decedent was a resident of Georgia.

In all three cases the accident out of which the claim arose occurred in the jurisdiction where the administration was had or sought. The insurance company, in all three cases, was authorized to do business within the jurisdiction. In all three cases administration of the estate of the decedent was sought for the purpose of realizing upon the promise of an insurance company to pay the liability incurred by the decedent. Likewise, in all three cases there was an absence of assets of the decedent's estate to pay the claims of general creditors. In the Massachusetts case, probate of the decedent's estate was not sought in the state of the domicile of either claimants or decedent, and there is nothing in the statement of facts in that case to indicate that the claimants could not have brought proceedings in the state of the decedent's domicile, Rhode Island.

■ In the case at bar the petition to set aside the appointment of the administrator was not filed until action had been brought by Bonnie Simms against the administrator. It is apparent that she could not have brought an action against him in the state of the decedent's domicile. The petitioners seeking to have the appointment of the administrator set aside are heirs of the decedent. Any payment to be made by the insurance company in satisfaction of the liability incurred by the decedent would not become estate of the decedent for distribution to his heirs or payment of his general creditors. The appointment of an administrator in Oregon, whatever may be the result of the action brought against him, can not, under the facts in this case, injure in the least the petitioners, heirs of the decedent. Therefore, they are not in a position to complain: *McCool v. Old National Bank,* 214 Ind. 679, 17 N. E. (2d) 820.

Somewhat analogous to the subject under discussion are cases involving the appointment of an administrator of a decedent's estate for the purpose of suing for damages for injuries that resulted in the death of the decedent. In some of the earlier cases it was held that the claim for damages for death was not alone such assets as would warrant the appointment of an administrator, and that the existence of general assets for the benefit of creditors was essential to permit such appointment. The prevailing doctrine of the more recent cases, however, is that the cause of action is of itself assets: *Sharp v. C. N. O. & T. P. Ry. Co.,* 133 Tenn. 1, 179 S. W. 375, Ann. Cas. 1917C, 1212; *Fann v. North Carolina R. Co.,* 155 N. C. 136, 71 S. E. 81; *Hutchins v. St. Paul, M. & M. Ry Co.,* 44 Minn. 5, 46

N. W. 79; *Southern Pacific Co. v. DeValle daCosta*, 190 F. 689.

In *Hutchins v. St. Paul, M. & M. Ry. Co.*, supra, the court, in answering the contention that a cause of action for damages is not assets, said:

"It is true that, strictly speaking, the cause of action did not belong to the deceased in his lifetime, but only accrued at his death; also that, when realized on, the proceeds form no part of his general estate but belong to his next of kin. But the narrow and literal construction contended for by the appellant would often prevent the enforcement of the cause of action at all, because of the impossibility of securing a personal representative of the deceased to maintain it."

The court then, after pointing out that administration is a proceeding *in rem* and that the existence of assets, whether the deceased was a resident or nonresident, is essential to administration, stated:

"Hence it would seem to follow, from appellant's logic, that if deceased left no assets, strictly so called, no administration could ever be had, and consequently the statutory right of action for the benefit of the next of kin could never be enforced."

In *Southern Pacific Co. v. DeValle daCosta*, supra, we find much the same view expressed as in the excerpt last above quoted, to the effect that:

"If a statute designates the personal representative of the deceased as the proper plaintiff, to limit the right to cases in which the deceased left assets other than the right of action would introduce an unreasonable and arbitrary distinction. To hold that suit might be brought in the state of Massachusetts for causing death if the deceased left property in the state, but that it could not be brought if he had no property, would be to make a distinction in favor of persons who have estates against persons who have no estates—to deny a remedy to those most in need of it."

■ The public policy of this state is to protect as far as possible those injured through the carelessness or negligence of motor vehicle operators who make use of its highways. If a tortfeasor is a nonresident and personal service can not be had upon him in this state, jurisdiction over him can be obtained by service of process upon the secretary of state of the state of Oregon as attorney in fact for him: §§115-128 and 115-129 O. C. L. A.; *Hess v. Pawloski,* 274 U. S. 352, 71 L. E. 1091, 47 S. Ct. 632. In the event of the death of the tortfeasor the cause of action against him does not abate.

■ It is our view that the liability of Farmers Automobile Inter-Insurance Exchange on its policy above described is assets within the meaning of §§19-206 and 19-210, *supra,* warranting the appointment of an administrator.

The administration of the decedent's estate in Washington by the domiciliary administrator could in no way be affected by the appointment of an administrator in Oregon. Whatever the Oregon administrator might do would in no wise prejudice the rights of general creditors or heirs of the decedent. The appointment of an Oregon administrator, however, affords an opportunity to those injured by the tortious acts of the decedent to have adjudicated their right to redress.

In view of our conclusion that the protection afforded by the policy of insurance issued to the decedent meets the jurisdictional requirement as to assets of the decedent in Multnomah county, it is unnecessary to consider the argument advanced by the appellants concerning the constitutionality of chapter 32, *supra.*

The order appealed from is affirmed.