George W. BUTCHER, Appellant,

v.

Mary R. MAFFEO, as Administratrix With the Will Attached of the Estate of Royal S. Reed, Appellee.

No. 14301.

United States Court of Appeals Ninth Circuit.

Aug. 23, 1955.

Lloyd R. Cowdin, McColl, Idaho, W. K. Woodson, Cheyenne, Wyo., Kenneth S. Scoville, Phoenix, Ariz., for appellant.

Jennings, Strouss, Salmon & Trask, F. Britton Burns, Richard G. Kleindienst, Phoenix, Ariz., for appellee.

1. Jurisdiction was based on diversity of citizenship; the appellant is in the Air Force stationed in Wyoming while his residence before enlistment was in Missouri, and the appellee-administratrix is a resident of Arizona.

2. See Gustafson v. Rajkovich, 1953, 76 Ariz. 280, 263 P.2d 540, 40 A.L.R.2d 520;

Before DENMAN, Chief Judge, BONE, Circuit Judge, and LINDBERG, District Judge.

DENMAN, Chief Judge.

This is an appeal from an order of the United States District Court for the District of Arizona dismissing appellant's action against the appellee, the Arizona administratrix of the Estate of Royal S. Reed, to recover for personal injuries caused Butcher in Wyoming by Reed's alleged negligence while driving an automobile in Wyoming.[1]

■ The administratrix admits that Wyoming's Compiled Statutes, § 3–402, creates a substantial right in Butcher to recover from the estate of a deceased person damages inflicted on Butcher by the deceased person prior to the latter's death. In Arizona there is no such provision. There the common law rule is still in effect and the cause of action dies with the tort feasor.[2]

■ The question then is what is the law of Arizona with regard to Butcher's right to sue the Arizona administratrix on this substantial Wyoming right. The Arizona Supreme Court has not decided this question and it is for this court to determine what its decision should be.[3]

That court has said repeatedly that whenever possible it would follow the Restatement of the Law "feeling that by so doing uniformity of decision would be more nearly effected."[4] Section 390 of the Restatement of Conflict of Laws states of a claim against a decedent by a non-resident injured in a different state that "[w]hether a claim for damages for a tort survives the death of the tort feasor or of the injured person is determined by the law of the place of wrong."

McClure v. Johnson, 1937, 50 Ariz. 76, 69 P.2d 573.

3. Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 359, 162 A.L.R. 318.

4. Smith v. Normart, 1938, 51 Ariz. 134, 75 P.2d 38, 42, 114 A.L.R. 1456; Condon v. Arizona Housing Corp., 1945, 63 Ariz. 125, 160 P.2d 342.

In this case the place of the wrong is Wyoming, where the claim survives as a substantial right. Appellee relies heavily on the comment *b* under section 390 to support the district court's order. Comment *b* so far as it concerns the surviving injured party is as follows:

"*b*. If a claim for damages for injury survives the death of * * * the wrongdoer * * * by the law of the place of wrong, recovery may be had upon it * * * against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to * * * be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had (see §§ 507 and 512)."

We think the meaning of the comment is as claimed by the appellee. Section 390 provides that if by the law of the place of the tort a claim thereon has no survivorship after the death of the tort feasor no recovery anywhere can be had. If the claim there survives it may be enforced in any other state which "permits the representative of the decedent to be sued on such a claim." If, as held by the Arizona Supreme Court in McClure v. Johnson, 1937, 50 Ariz. 76, 69 P.2d 573, the administratrix cannot be sued on such a tort claim arising in the state in which the suit is brought, the non-resident plaintiff cannot sue.

■ By so holding the "uniformity of decision" is "more nearly effected" as sought by the Arizona Supreme Court. All the courts in the cases set forth in footnote 5 have construed comment *b* of Section 390 to mean that unless there be some statutory authority in the forum state to sue the executor or administrator, a nonresident claimant cannot sue him.[5]

Appellant cites no case considering Section 390 and comment *b* which holds to the contrary.

The judgment is affirmed.

5. Gray v. Blight, 10 Cir., 1940, 112 F. 2d 696; Woollen v. Lorenz, 1938, 68 App.D.C. 389, 98 F.2d 261; Dougherty v. Gutenstein, D.C.S.D.N.Y.1935, 10 F. Supp. 782; Herzog v. Stern, 1934, 264 N.Y. 379, 191 N.E. 23; In re Villas' Estate, 1941, 166 Or. 115, 110 P.2d 940. Cf. American Law Institute, Commentaries on Conflict of Laws, Restatement No. 4, section 426 (1928) (prepared by Joseph H. Beale, Reporter); 2 Beale, the Conflict of Laws, § 390.1 (1935).