WHEAT ET AL. *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

No. 16,749.

WHEAT ET AL. *v.* DELAHAY, ADMINSTRATOR ET AL.
(261 P. [2d] 493)

Decided August 24, 1953.   Rehearing denied October 5, 1953.

Messrs. SNYDER & TULLIS, Messrs. YOUNG & YOUNG, for plaintiffs in error.

Messrs. MURRAY, BAKER & WENDELKEN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON November 3, 1948, Albert J. Wheat, driving south on Highway 115 in El Paso county, attempted to pass another car and collided head on with a north-bound car in which Leonard L. Wheat, unrelated to Albert J. Wheat, was a passenger. Both died upon the day of the accident as a result of injuries received. Both were non-residents of Colorado, but were stationed at Camp Carson as military personnel. Albert J. Wheat was a resident of Georgia and Leonard L. Wheat a resident of Missouri. Plaintiffs in error are the surviving wife and minor daughter of Leonard L. Wheat.

Albert J. Wheat carried bodily injury liability insurance on the automobile he was driving with Fidelity and Casualty Company, one of the defendants in error. This automobile was damaged to such an extent that it had only salvage value.

An administrator of Albert J. Wheat's estate was appointed by the court of his Georgia residence and this administrator transferred the wrecked automobile to Motor Securities Corporation on March 15, 1949. So far as is disclosed by the record this was the only tangible property owned by Albert J. Wheat in Colorado at the time of his death, however, plaintiffs in error contend that the protection under the liability policy is an asset in Colorado over which an administrator could exercise jurisdiction.

The widow of Leonard L. Wheat, one of the plaintiffs in error, alleging the circumstances, petitioned the county court of El Paso county for the appointment of an administrator for the estate of Albert J. Wheat. This petition was denied. Upon the advice of the county court, she then filed a petition claiming to be a creditor of the Albert J. Wheat estate, and upon this petition, Ben T. Delahay was appointed administrator of the estate on the 17th day of March, 1950, more than fifteen months after the death of Albert J. Wheat. Immediately following Delahay's appointment, plaintiffs in error filed an action for damages against him and he advised the insurance carrier of the action and demanded that the insurance carrier defend the action, as is provided by its policy which was in effect on the date of the accident. The insurance company thereupon petitioned the county court to vacate the order appointing the administrator, basing its petition on the ground that the court had exceeded its jurisdiction in making the appointment, because Albert J. Wheat was not a resident of Colorado at the time of his death and left no property, real or personal, within the jurisdiction of Colorado; further that more than one year after his death, plaintiff in error,

claiming to be a creditor of Albert J. Wheat, petitioned for the appointment of an administrator; and that no claim was filed against the estate of Albert J. Wheat by plaintiff within one year after the death of Albert J. Wheat, or at any time thereafter. This petition was denied, and the insurance company, claiming it had no plain, speedy or adequate remedy at law, petitioned the district court for a writ of certiorari requiring certification by the county court of all the record and proceedings in the estate of Albert J. Wheat, to the district court, and that the defendants show cause why the appointment of the administrator should not be vacated.

In the course of the proceedings, without attempting the exact chronology, the administrator moved to dismiss the damage action in the district court on the ground that the complaint did not state a claim upon which relief could be granted. At this point, the widow of Leonard L. Wheat and minor daughter, plaintiffs in error, sought, and were granted, leave to file an amended complaint in which the insurance company was made a defendant. In opposition to the motions to dismiss, the widow and her daughter filed affidavits in both the county and district courts, and, on the issues then formed, the county court sustained the appointment of the administrator; however, on certiorari, the district court quashed the appointment of the administrator, and the motions to dismiss as to both the administrator and the insurance company were sustained. To review these rulings, a writ of error was issued and admittedly rests upon two general questions: 1. Was the administrator properly appointed? 2. Can the insurance carrier be joined as a party defendant in an action for damages for death resulting from an automobile accident under the circumstances of this case?

Resolution of the first question is more or less determinative of the issues. It is contended that the insurance company has no appealable interest and no right to certiorari, and that motions made by that com-

pany attacking the appointment of the administrator was an improper collateral attack on the status of the administrator. The insurance company in the first instance, before it was made a party defendant, for its protection, had the right to have the question of the validity of the appointment of the administrator determined, because it was not obligated to defend an action against an administrator illegally appointed; to stand by, it faced the probability of a judgment against it obtained by one without proper authority. In the second instance, it was then a party defendant through and by an illegal joinder and from then on its actions in behalf of its defense cannot be questioned. If the administrator was duly and regularly appointed, then there was no other course for the insurance company, other than to defend the administrator in the damage action or submit to whatever judgment might be obtained.

■ ■ Plaintiffs in error say that in the first instance the county court erred in requiring petitioners for an administrator to do so as creditors, since they did not then think, and do not now believe, that the petitioners were creditors in contemplation of section 75 as amended by S. L. '45, p. 732, and section 76 of chapter 176, '35 C.S.A. Nevertheless, they did so petition the county court and must now abide by the status thus created. Such interest as they might claim in the estate here involved was, to say the least, a contingent one. It cannot successfully be contended that they were heirs. If not heirs and not creditors, as they now claim, then they were in no position to seek the appointment of an administrator to serve the purposes of an outsider. We believe that under the decisions involving this question, that the courts are in full accord in holding that the status of these plaintiffs in error is that of creditors. Being creditors, their rights for the appointment of an administrator are unequivocally defined by sections 75 and 76, supra, which are as follows:

"Section 75. In case letters testamentary or of admin-

istration shall not have been theretofore issued upon the request of any other person, creditors of any person hereafter dying may apply for administration of his or her estate within one year after the date of decease, but not afterwards. In case such letters shall not have been issued upon the estate of any person who has died prior to the passage and approval of this section, creditors of the deceased may apply for administration within one year after the passage and approval of this section, but not afterwards; provided, that no such creditor shall in either case be entitled to apply for administration of such estate after his claim is barred by any general statute of limitations of this state; provided, further, that this section and the following section shall not prevent any such creditor who is also an heir, legatee or devisee from exercising his right as such heir, but shall affect his right as creditor only."

"§76. If such letters are not issued within the time hereinbefore specified, all claims of creditors shall be forever barred, and the purchasers of the property of the deceased from the heirs of the deceased shall in such case take the same free from any lien of the claims of the creditors; provided, that this section and the last preceding section shall not affect the lien upon the encumbered property of any claim secured by valid recorded mortgage or deed of trust or by valid pledge accompanied by delivery of possession."

■ Albert J. Wheat died November 3, 1948 and Delahay was appointed administrator of his estate in Colorado on March 17, 1950. The time lapse between these events is clearly beyond the limitation imposed on creditors' claims. No statute could more clearly state the limitation than that part of sections 75 and 76, supra, in saying that creditors may apply for administration within one year after the date of decease, but not afterwards, and further, if such letters are not issued within that time, all claims of creditors shall be forever barred.

Plaintiffs in error seek to void this lapse of time by

saying that negotiations with the insurance company concerning the settlement lulled them into inaction. True, negotiations were started within twelve days after the death of the two parties involved by a letter to the insurance company, which was promptly answered rejecting the claim. The matter then was dormant until October of 1949, when another attempt was made by attorneys for plaintiffs in error which terminated without success on January 10, 1950. If plaintiffs in error could finally rely on their status as creditors, then they were not diligent during the period of the running of the statute, because the entire year was not consumed in negotiations. It is evident from the record that plaintiffs in error did petition the county court for the appointment of an administrator on allegations of fact suggesting the necessity of such an appointment, which the county court refused to entertain, and they now claim this was error. It was possible for that question to have been reviewed, but it is not now properly here for our determination. They did elect to concede to the suggestion of the county judge that he would appoint an administrator on the usual creditor form of petition. Having so elected, their status was established for all purposes here and results in our holding that the appointment of the administrator was without the jurisdiction of the court.

■ ■ The trial court found that at the time of the appointment of Delahay as administrator, there was no property in Colorado, tangible or intangible, over which the county court had any jurisdiction or control. As hereinbefore stated, the wrecked automobile was the only tangible property in Colorado at the time of the accident, and when the duly appointed administrator of the estate of Albert J. Wheat in Georgia, made disposition of the automobile, the purchasers took and can hold the same free from any lien of the claims of creditors, because he was the duly appointed representative of the heirs of the estate, and our statute so provides. As to the

question of the indemnity policy here involved constituting an asset of the estate, we believe the following quotation from *Rogers v. Edwards,* 164 Kan. 492, 190 P. (2d) 857, to be well reasoned and in point: "If the rights of the insured against the insurer, under an ordinary indemnity policy, constitute assets of the nonresident insured's estate, prior to the establishment of liability of such estate to third persons, the situs of such assets is at the domicile of the nonresident. The mere fact a foreign insurance company which issued the policy is also authorized to transact business in Kansas does not change the situs of such asset, if it be an asset prior to the establishment of the insured's liability, from the domicile of the nonresident to the state of Kansas.

"Of course, every state is, and should be, anxious to protect and convenience its own citizens so far as possible. No state is under duty to permit assets of debtors to be placed beyond the reach of its own creditors where it can legally retain such assets. But in order to retain them they must first exist here. To hold the policy in question has its situs in Kansas for purposes of administration would be contrary to the principle repeatedly enunciated in our prior decisions. In view of our firmly established and well understood doctrine, which we regard as sound, we do not desire to confuse it. A conclusion that this indemnity policy constitutes 'estate' left by the nonresident decedent to be administered in Marshall county would mean this policy constitutes 'estate' which may be administered in any county in Kansas and in any county of every other state of the union, with a similar statute, in which the insurer is authorized to transact business. We do not think the statute was intended to produce such a result."

For the reasons we have stated, the trial court committed no error in dismissing the action against Delahay, the administrator, and properly granted the motion for dismissal filed by the insurance carrier on the ground that the insurance carrier could not properly

be joined in the action, and its ruling on this question is fully supported by our late decision in the case of *Crowley v. Hardman Brothers*, 122 Colo. 489, 223 P.(2d) 1045.

The judgment is affirmed.