No. 42,711

*In re* Estate of Lewis Q. Preston, Deceased. WARREN D. THOMPSON, *Appellant*, and KENNETH V. MOSES, Guardian ad litem, *Appellant*, v. DOROTHY PRESTON SURPRISE, *Appellee*.

(392 P. 2d 922)

Opinion filed June 6, 1964.

*Robert A. Schermerhorn*, of Junction City, argued the cause, and *C. L. Hoover* and *William R. King*, both of Junction City, and *Richard C. Wells*, of Manhattan, were with him on the briefs for the appellant, Warren D. Thompson.

*Kenneth V. Moses*, of Marysville, was on the brief as guardian ad litem.

*Howard Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, *Richard F. Waters*, and *Bob Abbott*, all of Junction City, and *Robert F. Galloway* and *Edward F. Wiegers*, both of Marysville, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: An action was commenced in the probate court of Marshall county for appointment of an administrator of decedent's estate and an appeal was taken therefrom to the district court. This appeal is from an order of the district court sustaining respondent's demurrer to the evidence of claimant and from its order overruling claimant's motion for new trial.

Claimant, as plaintiff, in October, 1955, had filed a tort action

in the district court of Geary county, Kansas, to recover for personal injuries received as the proximate result of an accident at the intersection of West Eighth Street and Weside Avenue in Junction City, Geary county, wherein claimant's vehicle and one driven by decedent, Lewis Q. Preston, collided. Grounds of negligence were set up therein and damages were claimed in the amount of $13,350. A motion to quash the service of summons was properly overruled by the district court. Preston, by and through his attorneys, had then filed a motion for additional time because he, as a master sergeant in the United States Army, had been ordered to overseas duty in Germany and he also made application for an order to stay the proceedings, which stay was granted to be in effect until he was discharged and returned to the United States, or until he could effect his defense in the tort action. In granting the stay on June 4, 1956, the district court further ordered:

". . . that time for pleading herein by defendant be extended so as to permit defendant 30 days within which to answer or otherwise plead herein following the dissolution of this stay order upon formal application by plaintiff and personal notice to defendant and his attorneys of record."

The district court of Geary county made subsequent orders as follows: On October 6, 1956, the case was passed; during 1957 and 1958 it was noted that Preston was still in military service; and by February 3, 1959, that he had died.

The death of decedent gave rise to the action presently before us wherein claimant filed a petition for administration in the probate court of Marshall county, the residence of claimant, in which it was alleged that decedent had died possessed of a "public liability" insurance policy under which the insurer was obligated to defend the insured, and the insurer was so defending in the tort action in the district court of Geary county; that under the policy the insurer had the further obligation to pay any judgment entered against the insured to the extent of the limits provided therein; that decedent possessed other property in the state of Kansas; that it was necessary for the protection of claimant's rights to have an administration of decedent's estate and that no administrator or personal representative had been appointed for decedent's estate in Indiana, the state of his residence. It was also alleged that decedent's widow and his two minor children were his only heirs at law and their residence was in Hammond, Indiana.

Defenses denominated "Answers" were filed in the probate court of Marshall county by the attorney appointed for such heirs, and other persons interested in the estate who may have been in the military service, and for the guardian ad litem, who had been appointed for the minor heirs of the decedent, which defenses were general denials and requests that the petitioner be required to make strict proof.

Decedent's widow and heir at law, whose residence was Cedar Lake, Indiana, also filed a defense wherein she substantially alleged that decedent died intestate September 2, 1956, while in the military service at Nurnberg, Germany, that his legal residence was Galesburg, Michigan, where he had entered military service; there had been no administration of decedent's estate; attached as an exhibit was copy of the official statement of decedent's death received by his widow on March 1, 1957, from the adjutant general of the United States Army which showed his death had occurred on September 2, 1956. Her defense further alleged the action in the probate court was barred by the nonclaim statute (G. S. 1949, 59-2239) and was further barred because the probate court of Marshall county was without venue and jurisdiction as required by G. S. 1949, 59-2203.

The probate court ordered the appointment of an administrator for decedent's estate and set bond in the amount of $1,000, from which order the widow appealed, serving notice on the probate judge, as well as the claimant and the appointed administrator and their attorneys. This gives rises to the question whether the widow's notice of appeal from the probate court to the district court was properly served. We decide that it was under our decision in *In re Estate of Patterson*, 185 Kan. 135, syl., 340 P. 2d 369, where it was held:

". . . (1) G. S. 1949, 59-2405 provides that a written notice of appeal shall be served upon the adverse party, or his attorney of record, or upon the probate judge for the adverse parties, *but service upon all three is not required to perfect the appeal*, proper service upon any one of the three named in the statute is sufficient; (2) the acknowledgement of service of the notice of appeal by the probate judge *was* service upon all adverse parties, and (3) the acknowledgement of service by the probate judge dispensed with the necessity of proof of service, following *Polzin v. National Cooperative Refinery Ass'n*, 180 Kan. 178, 302 P. 2d 1003." (Our emphasis.)

We wish to emphasize the basic question here for appellate review is the one arising out of the probate court proceeding ap-

pointing an administrator in the estate of Lewis Q. Preston, deceased, and does not involve the action by Warren D. Thompson against decedent in which he is seeking damages for personal injuries. Reference to that action herein is only for clarification in this discussion as we are not here determining any questions which may arise in that proceeding.

The pertinent portion of G. S. 1949, 59-2203 reads:

"Proceedings for the probate of a will or for administration shall be had in the county of the residence of the decedent at the time of his death; if the decedent was not a resident of this state, proceedings may be had in any county wherein he left any estate to be administered. . . ."

While appellate courts are always reluctant to depart from or overrule their earlier cases based on *stare decisis*, on some occasions such departure becomes necessary (*Noel v. Menninger Foundation*, 175 Kan. 751, 267 P. 2d 934; *Prowant, Administratrix v. Kings-X*, 184 Kan. 413, 337 P. 2d 1021, reversed, 185 Kan. 602, 347 P. 2d 254) and this appears to be one of them because of the conflict of authority which exists on the subject of situs of personal property (here an indemnity insurance policy) for the purpose of administration.

It cannot be disputed that *In re Estate of Rogers*, 164 Kan. 492, 190 P. 2d 857, presented a situation identical with the one we have here and we there adhered to our traditional doctrine that the situs of personal property is transitory prior to the death of its owner and follows the owner wherever he may be, that after his death it becomes fixed and local at the place of his domicile, and that prior to the establishment of liability of such estate to third persons, the situs of such assets is at the domicile of the nonresident.

When our present case was tried in the court below, the trial judge followed the rule pronounced in *In re Estate of Rogers*, supra, above stated.

The rule of the greater weight of authority of other jurisdictions as shown by an annotation in 67 A. L. R. 2d 936, is contrary to our holding in the Rogers case. The rule is stated thus in A. L. R.:

"It appears to be the general rule that a deceased insured's potential right of exoneration under an insurance policy constitutes sufficient assets, property, or estate of the deceased to justify a grant of administration of his estate." (p. 936.)

"On the state level, a number of jurisdictions have held that where an accident covered by a liability policy occurred within a state in which the

insurer was authorized to do business, the right of exoneration under the policy against the insurer had a situs for administration purposes in the same state. . . ." (p. 938.)

In our case we are unable to say there is any difference between an insurer, who is authorized to do business in Kansas, and an insurer not authorized so to do, and especially is this true since the insurer is already undertaking the legal representation of decedent and his estate.

With respect to venue, in the above mentioned A. L. R. annotation it was stated:

"On the county level, some courts considering the question have held or indicated that the proper court in any county wherein the decedent, had he lived, might have sued the insurer on the right of exoneration has jurisdiction to issue letters of administration of his estate. . . ." (p. 938.)

The annotation (p. 941) mentions that Kansas (under *In re Estate of Rogers*, supra) and two other states—New Jersey and Florida—follow the minority rule holding to the contrary. In commenting upon the rule the author made the following statement:

"Such rulings are, it would seem, of dubious value in determining the proper state in which to seek administration of the dead tortfeasor's estate, although, as will be observed, some of them contain dicta indicating that the state of his domicil is the correct one." (p. 941.)

An appropriate statement as to the situs and character of intangible property, including an indemnity policy such as we have here, and whether such is a sufficient estate to justify the issuance of letters of administration of a nonresident decedent's estate may be found in 33 C. J. S., Executors and Administrators, § 20, b., pp. 898, 899, as follows:

"It is not necessary that the assets relied on as furnishing a basis for local administration should be of a tangible nature, but a mere claim or right of action arising or existing and enforceable within the jurisdiction is sufficient; and a bona fide claim will support a grant of administration even though it proves invalid or unenforceable after letters are issued. The term 'estate' as used in a statute relating to the granting of letters of administration includes all kinds of property which the deceased left at the time of his death."

See, also, 21 Am. Jur., Executors and Administrators, § 41, p. 396, where it was said:

"The right to letters of administration in a state other than the domicile of the decedent does not, in all cases, depend upon the existence of tangible

assets requiring administration. A mere claim or right to enforce some claim, whether legal or equitable, irrespective of its probable merits, is sufficient foundation for the issuing of letters of administration. Hence, it has been held that a right to letters of administration may be sufficiently predicated on a right of action, a pending action, or even a judgment recovered in favor of the decedent in his lifetime."

After thorough consideration of the reasoning in the cases from the states following the majority rule, we are convinced it is the better rule, and we hereby overrule *In re Estate of Rogers,* supra, and hold that an insurance policy, whether it be a liability or an indemnity policy, constitutes such an estate of a nonresident insured as to justify the issuance of letters of administration and the appointment of an administrator in the estate of the nonresident insured decedent, and further, that while in this instance the nonresident insured could recover against his insurer in any county in the state, under the existing facts and circumstances, we conclude the venue properly existed in either Geary or Marshall county. ( G. S. 1949, 59-2203.)

Judgment reversed.

PARKER, C. J., and PRICE, J., dissent from the portion of the opinion overruling *In re Estate of Rogers,* 164 Kan. 492, 190 P. 2d 857.