In re Estate of George.

[Cite as In re Estate of George, 20 Ohio App. 2d 87.]

(No. 728—Decided October 22, 1969.)

*Mr. Richard A. Betts* and *Mrs. Margaretta B. Schuck,* for appellants.

*Messrs. Navarre, Rizor, DaPore & Pettit* and *Mr. William D. Peppler,* for appellee.

GUERNSEY, J. On March 15, 1967, David L. August, appellee herein, received bodily injuries in a traffic accident which resulted in the death of Harry P. George. His estate was administered beginning on March 23, 1967, by his sons, Earl P. George and Harold George, the appellants. On September 6, 1968, the Probate Court of Hancock County found that the administrators had fully and lawfully administered the estate, and had distributed the assets thereof in accordance with the law, as shown in their first, final and distributive account, and ordered the account approved and settled and the administrators discharged. No claim was ever filed by the appellee with the administrators to recover from the estate of decedent the damages which the appellee suffered by reason of his injuries.

Thereafter, desiring to bring his action for bodily injuries and to recover from insurance proceeds, which action by reason of the provisions of Section 2305.10, Revised Code, and the last paragraph of Section 2117.07, Revised Code, was not barred by failure to file a claim with the administrators (*Meinberg* v. *Glaser,* 14 Ohio St. 2d 193), and needing personal representatives of the estate of the deceased upon whom to serve summons and to defend such action, the appellee filed a motion in the Probate Court on February 17, 1969, ''to reopen the estate and requalify and reappoint the aforesaid administrators.'' Notwithstanding that at the hearing thereof the motion was resisted by Earl P. George and Harold George, the Probate Court filed its journal entry ordering the estate reopened and the Georges requalified as administrators without bond ''for the purpose of receiving service of summons in the applicant's lawsuit.'' Pursuant to that order new letters of authority were issued to the administrators.

They now appeal from the Probate Court's order and assign error in numerous particulars. These assignments

may be summarized that the reappointment of the administrators, over their objection, was contrary to law for the reasons that (1) they had been discharged, (2) they could not be reappointed without their consent, (3) they could not be reappointed without bond, (4) they had no estate funds available to them to employ counsel to defend the anticipated personal injury action, and (5), under the circumstances, the estate could not be reopened without proof by the injured appellee that the decedent was the owner of a liability insurance policy insuring the decedent's liability to appellee.

In *Johnston* v *Schwenck,* 99 Ohio St. 59, the Supreme Court held, relying on the case of *Weyer* v. *Watt,* 48 Ohio St. 545, that the filing of a "final"' account by an executor or administrator does not operate to terminate the trust as long as there remain assets under his jurisdiction subject to the payment of valid debts of the decedent. Examination of the *Weyer case,* however, discloses that the Supreme Court based a similar determination on the fact that there was no statute then in force providing for the discharge of the personal representative on the approval and settlement of his final account. We cannot consider these cases as constituting valid authority for any similar rule of law today. Since 1945 (121 Ohio Laws 275), Section 10506-39, General Code (now incorporated into Section 2109.32, Revised Code), has provided that, "If, at the hearing upon an account, the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets thereof in accordance with the law or the instrument governing distribution, as shown in such account, the court shall order the account approved and settled and may order the fiduciary discharged." From the same time and by virtue of the same legislative act (121 Ohio Laws 276), Section 10506-40, General Code (now Section 2109.35, Revised Code), has prescribed that "the order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only" by reason of the existence of one of the four situations set forth therein. On cursory ex-

amination it does not appear that the situation here qualifies as one of the four situations in which such a judgment may be vacated. We need not decide this, however, for, in any event, there exists a judgment discharging the fiduciaries, which has not been vacated in any manner provided by law and constitutes a subsisting and enforcible judgment.

The Probate Code makes no provision for the reappointment or requalification of a fiduciary once an estate has been closed and the fiduciary discharged. Nor does the Code contemplate the appointment or existence of administrators or executors except in those cases where there are assets to be administered. Thus, in a situation such as this, where the final and distributive account of the administrators of an estate has been approved and settled and they have been discharged from their trust pursuant to Section 2109.32, Revised Code, and that order of approval, settlement and discharge has not been vacated pursuant to Section 2109.35, Revised Code, where some asset remains upon which administration has not been exhausted and for some lawful purpose relating to that asset administration is required, an administrator may be appointed to complete such administration only in a manner similar to, and with the same formalities as, the original appointment of an administrator. Compare last paragraph of Section 2109.26, Revised Code, as it relates to a vacancy before termination of the trust.

Although the Supreme Court held in the *Meinberg* v. *Glaser case, supra,* that a liability policy was not an asset of a decedent's estate, this determination was limited to being "within the meaning of those words as used in Section 2117.07, Revised Code." In a case on facts having similarity to those of the present case, *In re Estate of McQueen,* 4 Ohio Misc. 65, Judge Davies of the Hamilton County Probate Court held that a liability insurance policy available to pay any judgment which might be rendered against decedent's estate constituted property to support ancillary administration proceedings. See, also, 44 Corpus Juris Secundum 932, Insurance, Section 223, n.88. At least

the policy constitutes a chose in action, and the proof of its existence would constitute proof of the existence of an asset which would support the appointment of an administrator.

It is basic, however, that a person otherwise entitled to be an administrator or executor may waive or renounce such right and may not be required to serve. This "right" not to serve is recognized by statute. Sections 2113.05, 2113.06 and 2113.07, Revised Code. The renunciation or waiver of the right to serve by those entitled and having priority of right to serve does not result in there being no administration, for administration may then be committed to some suitable person, who may even be a creditor of the estate. Section 2113.06, Revised Code.

We do not know whether priority of right to serve is here involved, for the record is silent as to the existence, at the time appellee's motion was filed, of the surviving spouse of the decedent. In any event, the objection of Earl P. George and Harold George to being "requalified" and "reappointed" as administrators is tantamount to a waiver or renunciation of whatever right they may have had to serve, and in the face of same the Probate Court could not require them to do so.

We find for these reasons that the Probate Court committed error prejudicial to the appellants in ordering the estate reopened and the administrators requalified, and that said order was void. Taking this view we need not consider any other reasons assigned by the appellants for the invalidity of the order. Nor do we consider the application of the saving provisions of Section 2113.24, Revised Code, which are not at issue in this appeal. For such error the order of the Probate Court is reversed and vacated and the cause is remanded thereto with instructions to overrule the motion pursuant to which the order was made.

*Judgment accordingly.*

Cole, P. J., and Younger, J., concur.