## No. C-1303

**Teresa Lynn Price, Alan Dale Price and Jeff Wade Price, minors, by their next friend, Thomas W. Metcalf v. Mayo Sommermeyer, personal representative of the Estate of Christine E. Price, deceased**

(577 P.2d 752)

Decided April 24, 1978.

Anderson, Dressel & Woodard, Samuel L. Anderson, for petitioners.

Montgomery, Little, Young, Campbell & McGrew, P.C., Donald G. Musselman, J. Bayard Young, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Price v. Sommermeyer,* 39 Colo. App. 365, 567 P.2d 819.

The issue presented for determination is whether the district court has subject matter jurisdiction of an action for wrongful death arising out of an accident occurring within Colorado, brought against a special administrator of a nonresident decedent whose only Colorado asset is a potential right of indemnity under an automobile liability policy issued by an insurance company licensed to do business within Colorado. The court of appeals held that the district court lacked subject matter jurisdiction. It reversed the district court, which had allowed the wrongful death action and which had entered judgment for the plaintiffs in the amount of $15,000. We reverse the court of appeals.

On August 4, 1973, Johnny E. Price and his wife Christine E. Price, domiciliaries of Nebraska, were involved in an automobile accident near Brush, Colorado. Mrs. Price was driving at the time and the car swerved

off the highway and crashed into the rear of a wheat truck parked on the shoulder. Mr. Price was killed instantly and Mrs. Price died approximately twenty days later. The Prices were survived by three minor children.

A wrongful death action was filed on July 17, 1975, in Larimer County District Court on behalf of the Price children against the estate of their mother. The lawsuit alleged that she wrongfully caused the death of their father by her negligent driving and asked for $500,000 in damages. A motion was contemporaneously filed asking for the appointment of a special personal representative to administer Price's Colorado estate. This motion was granted and respondent Mayo Sommermeyer was appointed the special administrator. He was then named as the defendant in an amended complaint.

The sole asset of the estate alleged to be located in Colorado is a liability insurance policy issued by Employer's Mutual Casualty Company of Des Moines, Iowa. Employer's Mutual has been authorized to transact business in Colorado since March 21, 1967.

The case was tried to a six-person jury and a verdict of $270,000 was returned in favor of the Price children. The trial court found that the insurance policy's coverage for bodily injury or death was $15,000.[1] The parties had stipulated that any recovery by the Price children would be limited to the amount of coverage under the insurance policy as required by section 15-12-803(3)(b), C.R.S. 1973.[2] Thus, the trial court entered judgment of $15,000 for the petitioners. The court of appeals reversed the judgment.

■■■■ It is fundamental that a claim against the estate of a decedent cannot be commenced or enforced until a personal representative has been appointed for the estate. Section 15-12-104, C.R.S. 1973. And, in the case of nonresident decedents, personal representatives may be appointed only when there is property of the nonresident decedent located in Colorado. Section 15-10-301(1)(b), C.R.S. 1973.

The wrongful death cause of action arose on August 4, 1973, and the Colorado Probate Code did not take effect until July 1, 1974. However, since the lawsuit was commenced after July 1, 1974, the Probate Code is generally applicable "except to the extent that in the opinion of the court in a court proceeding the former law and procedure should be made

---

[1] The issue of whether the trial court was correct in ascertaining the amount of coverage to be $15,000 was raised by respondent in the court of appeals. Because of that court's disposition of the case, it did not reach this question.

[2] This section provides as follows:
"Nothing in this section affects or prevents:
* * * *
"(b) [t]o the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance."

applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this code." Section 15-17-101(2)(b), C.R.S. 1973 (1976 Supp.). We do not decide whether the 1963 one-year statute of limitations barred the appointment of a special personal representative, as this is an issue to be considered by the court of appeals on remand. *See* section 15-17-101(2)(d), C.R.S. 1973.

The only asset of Christine Price's that can be considered to be "property" located in Colorado is the potential right of indemnity under the liability policy issued by Employer's Mutual Casualty Company. In order to resolve whether this constitutes "property" so as to give the district court subject matter jurisdiction of a wrongful death action, the following two questions must be answered: (1) does the potential right of indemnity under a liability insurance policy constitute "property" within the meaning of the Colorado Probate Code; and (2) if so, can Colorado be viewed as the "location" of the nonresident's right of indemnity?

■ In answer to the first question, we conclude that a decedent's potential right of indemnity under a liability insurance policy is personal property encompassed within the comprehensive meaning of "property" as defined in the Colorado Probate Code, which provides that: "'Property' includes both real and personal property or any interest therein and means anything that may be the subject of ownership." Section 15-10-201(36), C.R.S. 1973. A potential right of indemnity under a liability insurance policy is a contingent contract right which vests when a liability claim against the insured ripens into judgment. Neither the intangible character nor the contingent nature of the right under the policy should logically prevent it from being the subject of ownership. *See generally* 63 *Am. Jur.* 2d *Property* §27.

■ The general rule is that the right of indemnity under a liability insurance policy is property justifying the grant of administration. At least twenty-one other states have considered this issue and have concluded that such a right under a liability insurance policy constitutes a sufficient asset or property for the appointment of an administrator and the probate of an estate.[3] We adopt the general rule and therefore hold that a potential right of

---

[3] *See Campbell v. Davis,* 274 Ala. 187, 145 So.2d 725; *Ray v. Sommer,* 14 Ariz. App. 160, 481 P.2d 530; *Milmoe v. Toomey,* 356 F.2d 793 (D.C. Cir.); *In re Estate of Bernard,* 183 So.2d 715 (Fla. Dist. Ct. App.); *Tweed V. Houghton,* 103 Ga. App. 57, 118 S.E.2d 496; *In re Lawson's Estate,* 18 Ill. App.2d 586, 153 N.E.2d 87; *Galloway v. Farber,* 252 Iowa 360, 106 N.W.2d 920; *In re Preston's Estate,* 193 Kan. 145, 392 P.2d 922; *Gordon v. Shea,* 300 Mass. 95, 14 N.E.2d 105; *In re Estate of Kandlbinder,* 183 Neb. 178, 159 N.W.2d 199; *Bodine v. Stinson,* 85 Nev. 657, 461 P.2d 868; *Robinson v. Dana's Estate,* 87 N.H. 114, 174 A. 772; *In re Estate of Gardinier,* 40 N.J. 261, 191 A.2d 294; *Kimbell v. Smith,* 64 N.M. 374, 328 P.2d 942; *In re Riggle's Estate,* 11 N.Y.2d 73, 181 N.E.2d 436, 226 N.Y.S.2d 416; *In re Edmundson,* 273 N.C. 92, 159 S.E.2d 509; *In re Estate of George,* 20 Ohio App. 2d 87, 252 N.E.2d 176; *In re Vilas' Estate,* 166 Ore. 115, 110 P.2d 940; *Davis v. Cayton,* 214 S.W.2d 801 (Tex. Civ. App.); *In re Leigh's Estate,* 6 Utah 2d 299, 313 P.2d 455; *In re Breese's Estate,* 51 Wash. 2d 302, 317 P.2d 1055. *See also* Annot., 67 A.L.R.2d 936 §2.

indemnity is personal property in the ownership of which the decedent had a right to be protected by law.

Turning to the second question, we consider whether Colorado can be viewed as the situs of the nonresident decedent's right of indemnity.[4] Respondent argues that since the insurance policy was issued outside Colorado by an Iowa corporation to a Nebraska resident it has no situs in Colorado. He contends that the situs of the right of indemnity under the liability policy becomes fixed at the domicile of the nonresident at the time of her death. Furthermore, respondent argues that the mere fact the insured died in an automobile accident in Colorado did not change the situs of the policy from Nebraska to Colorado.

In support of this position, respondent cites *Wheat v. Fidelity Co.,* 128 Colo. 236, 261 P.2d 493. In *Wheat,* an automobile collision occurred in Colorado between a car driven by Wheat, a Georgia resident, and a car in which a Missouri resident was a passenger. Both died on the day of the accident from injuries they had received. The widow of the Missouri resident commenced an action in Colorado against Wheat's estate for damages. The county (probate) court appointed an administrator for the estate of Wheat, the sole asset in which was a right of indemnity under Wheat's automobile liability insurance policy with a foreign carrier. The administrator was then sued for wrongful death.

On certiorari review in the district court, it was held that the appointment of the administrator was improper. This court affirmed on writ of error.

Confusion has existed over the meaning of the *Wheat* decision. It is not clear whether the affirmance was based solely on the ground of the untimeliness of the appointment of an administrator, or on the additional ground that, since Colorado was not the situs of the policy of insurance from which the right of indemnity arose, there was in fact no property in Colorado subject to probate administration. The court commented that the situs of an insured's right of indemnity became fixed after his death at the place of his domicile. The court relied chiefly on the case of *Rogers v. Edwards,* 164 Kan. 492, 190 P.2d 857. *Rogers* has since been overruled by the Kansas Supreme Court in *In re Preston's Estate,* 193 Kan. 145, 392 P.2d 922.

In the present case, the court of appeals regarded the views expressed in *Wheat* concerning the situs of the insurance policy as controlling. We find it unnecessary to engage in an analytical discussion concerning the correct interpretation of *Wheat.* Insofar as the views therein expressed are

---

[4] The fictional character of "situs" as it relates to a chose in action is discussed in 8 *U. Chi. L. Rev.* 769 (1941).

contrary to our opinion here, we expressly overrule *Wheat*.

We choose to follow the overwhelming weight of authority that a potential right of indemnity under a liability insurance policy is sufficient personal property to support letters of administration for a nonresident when the insurance carrier is authorized to transact business in Colorado. *See* Annot., 67 A.L.R.2d 936 §3.[5] The policy reason for this holding is summarized as follows by the Nebraska Supreme Court: ''Piercing the form to the realities of this situation, the insurance company should be required to respond in [the] forum where its contractual risk reaches and where it does business.'' *In re Estate of Kandlbinder*, 183 Neb. 178, 159 N.W.2d 199. We hold that the district court properly ruled that there was sufficient Colorado ''property'' of the nonresident decedent to authorize the appointment of a special personal representative for her estate. It follows that the court had jurisdiction of the subject matter of the wrongful death action against the administrator.

The court of appeals did not consider the other issues raised by the parties on appeal because of its holding that the district court lacked subject matter jurisdiction of the lawsuit. We therefore remand the case to the court of appeals for consideration of those issues.

The judgment is reversed and the cause is remanded to the court of appeals for further proceedings consonant with the views herein expressed.

---

[5] Each of the cases cited in footnote 3, except the Arizona case, also stands for the proposition that the potential right of exoneration has a situs in a state where the insurance carrier is authorized to do business. Some of the cases dealt with decedent tort-feasors who were residents of the state in which administration was sought. *E.g., In re Estate of George*, 20 Ohio App. 2d 87, 252 N.E.2d 176. Other cases involved plaintiffs who were residents of the state in which administration was sought. *E.g., In re Riggle's Estate*, 11 N.Y.2d 73, 181 N.E.2d 436, 226 N.Y.S.2d 416; *In re Breese's Estate*, 51 Wash. 2d 302, 317 P.2d 1055. In those cases where neither the plaintiffs nor the decedent tort-feasor were residents of the state in which administration was sought, as in the present case, the accident giving rise to the claim occurred in that state. *E.g., In re Vilas' Estate*, 166 Ore. 115, 110 P.2d 940; *Davis v. Cayton*, 214 S.W.2d 801 (Tex. Civ. App.).