Suzette JEWETT, Plaintiff–Appellant,

v.

George L. WOODWORTH, Defendant,

and

concerning Farmers Insurance Exchange, Appellee.

No. 99CA0816.

Colorado Court of Appeals, Div. IV.

July 20, 2000.

Melat, Pressman, Ezell & Higbie, LLP, Glenn S. Pressman, Colorado Springs, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant.

Joel N. Varnell & Associates, John T. Scherling, Greenwood Village, Colorado, for Appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Suzette Jewett, appeals from the trial court's denial of her C.R.C.P. 102 petition for a writ of attachment on an insurance policy issued by Farmers Insurance Exchange which sought to establish *quasi in rem* jurisdiction in her personal injury action against defendant, George L. Woodworth. We reverse and remand with directions.

Plaintiff, a Colorado resident, was injured in an accident in Colorado when her car was struck by a vehicle driven by defendant, also a Colorado resident. Defendant was a permissive user of the car, which was insured under a policy issued by Farmers.

Because plaintiff was not able to locate defendant for service after filing the complaint, she filed a petition under C.R.C.P. 102 seeking to attach the insurance policy in order to establish *quasi in rem* jurisdiction over defendant. Farmers entered a special appearance and filed a traverse to the petition.

Following a hearing, the trial court, relying on the holding in *Baker v. Young*, 798 P.2d 889 (Colo.1990), determined that the right to defend and indemnify constituted nonexempt property subject to attachment under C.R.C.P. 102. However, the court also determined that because the duty to defend does not have value absent personal service on the named defendant and because the duty to indemnify does not arise until there is a judgment, the property subject to attachment had no value. Accordingly, the court refused to exercise *quasi in rem* jurisdiction, concluding it would be a "futile exercise" to attach property which had no value at the time of attachment. The court certified its decision as final under C.R.C.P. 54(b).

Plaintiff contends that the trial court erred in not issuing the writ of attachment even though it found that the requirements of C.R.C.P. 102 had been satisfied and that the policy constituted nonexempt attachable property under the supreme court's decision in *Baker v. Young, supra*. More specifically,

plaintiff contends that the court erred in holding that the exercise of *quasi in rem* jurisdiction would be futile because the property had no value at the time of attachment. We agree.

In *Baker v. Young, supra*, the supreme court considered a certified question from the United States Court of Appeals for the Tenth Circuit regarding whether an insurer's obligation to indemnify and defend a nonresident insured was a nonexempt property interest subject to attachment under C.R.C.P. 102 for the purpose of *quasi in rem* jurisdiction. After reviewing the case law of this state and other jurisdictions, the court concluded that such obligations constituted nonexempt property that was subject to attachment under C.R.C.P. 102. In making this determination, the court acknowledged that some states have held that an insurer's obligation to indemnify an insured is so contingent and uncertain that it is not subject to prejudgment attachment or garnishment. However, it rejected the reasoning of these cases.

Instead, the court chose to follow its decision in *Price v. Sommermeyer*, 195 Colo. 285, 577 P.2d 752 (1978), where it had held that a decedent's potential right of indemnity under a liability insurance policy constituted personal property for purposes of the Colorado Probate Code. The court noted that it would be "indulging in nothing less than strained and artificial refinement were we to now hold that this same contractual obligation does not qualify as property of the insured for the purpose of a court's assertion of *quasi in rem* jurisdiction." *Baker v. Young, supra*, 798 P.2d at 894. Thus, it determined that neither the intangible character nor the contingent nature of the right under the policy should logically prevent it from being the subject of ownership.

Farmers argues that the decision in *Baker v. Young, supra*, is distinguishable because, contrary to this action, that case involved a nonresident defendant who was also a named insured under the policy. Farmers asserts that, under C.R.C.P. 102, the policy is not subject to attachment because that rule only permits the attachment of a defendant's property. According to Farmers, because

neither it nor its insured was a named defendant, the court properly denied plaintiff's petition. We are not persuaded.

Farmers does not dispute that it would be obligated to defend defendant if plaintiff acquires personal jurisdiction over him and would be obligated to indemnify him if plaintiff subsequently obtains a judgment in her favor. Additionally, the record reveals that Farmers had offered to extend liability coverage for defendant's actions under the policy issued to its insured.

We also note that the policy at issue provides that Farmers will defend and indemnify a permissive driver in the same manner as a named insured. *See also Wiglesworth v. Farmers Insurance Exchange,* 917 P.2d 288 (Colo.1996) (court held that all that is required to confer coverage on a driver of a vehicle is initial permission from the primary insured to use the vehicle).

In *Baker v. Young, supra,* the court held that the insurer's obligation to indemnify and defend an insured is contractual in nature and provides the insured with the right to a defense in the event a claim is made against the insured and the right to indemnification, up to the limits of the policy, in the event an adverse judgment is entered against the insured.

Here, because Farmers is obligated to defend and indemnify defendant as a permissive user of the vehicle, we conclude defendant has the right to receive performance of that obligation. Although this right is intangible and contingent upon future events, it has economic value to defendant, and pursuant to the holding in *Baker v. Young, supra,* it is a cognizable property interest under Colorado law that is subject to attachment under C.R.C.P. 102.

Therefore, we conclude that the trial court erred in finding that the policy had no value to defendant and in refusing to attach the insurance policy under C.R.C.P. 102. We express no opinion whether plaintiff may enforce against the policy any judgment entered in the absence of proper service of process upon defendant.

The judgment is reversed and the cause is remanded to the trial court with directions to grant plaintiff's petition seeking to attach the insurance policy under C.R.C.P. 102.

Judge ROTHENBERG and Judge DAILEY concur.