[Cite as *In re Estate of Crain*, 2023-Ohio-571.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

ESTATE OF RALPH A. CRAIN,
DECEASED

CASE NO. 2022-T-0053

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2014 EST 0464

### O P I N I O N

Decided: February 27, 2023
Judgment: Affirmed

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Appellants).

*Bryan Crain*, pro se, 2878 Niles-Vienna Road, Niles, OH 44446 (Appellee).

*David A. Shepherd*, pro se, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (Appellee).

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., LPA, 100 Federal Plaza East, Suite 926, Youngstown, OH 44503 (For Appellee, Frederick J. Crain).

MARY JANE TRAPP, J.

{¶1} Appellants, Debra Pirock ("Ms. Pirock"), Jill Sferra ("Ms. Sferra"), Marcia McNelis ("Ms. McNelis"), and Thomas Crain ("Thomas") (collectively, "the plaintiffs"), appeal the judgment entry of the Trumbull County Court of Common Pleas, Probate Division, denying their motion to vacate the court's 2019 judgment approving and settling the fiduciary's final account in the Estate of Ralph A. Crain ("Ralph").

{¶2} The plaintiffs assert two assignments of error, contending that the probate court (1) disregarded a clear statute and clear judicial precedent by refusing to reopen Ralph's estate; and (2) abused its discretion in refusing to reopen Ralph's estate.

{¶3} Upon a careful review of the record and the pertinent law, we find as follows:

{¶4} (1) The plaintiffs have not established that the probate court misapplied R.C. 2901.35(A) or binding judicial precedent in denying their motion to vacate. The guilty verdict against appellee, Frederick Crain ("Frederick"), in the concealment action was not equivalent to a finding of fraud pursuant to R.C. 2109.35(A), and the cases that the plaintiffs cite are factually and legally distinguishable.

{¶5} (2) The plaintiffs have not established that the probate court abused its discretion in denying their motion to vacate. The plaintiffs do not explain why the court's reasoning process was unsound.

{¶6} Thus, we affirm the judgment of the Trumbull County Court of Common Pleas, Probate Division.

## Substantive and Procedural History

{¶7} The parties to this appeal are the six surviving children of Ralph and Margaret Crain ("Margaret"). The underlying proceeding implicates a longstanding dispute between the plaintiffs, on one side, and appellees Frederick and Bryan Crain ("Bryan"), on the other side, regarding assets that Ralph allegedly owned prior to his death, i.e., approximately $782,000 in cash and coins. Although we have summarized the parties' litigation history in prior decisions, we reiterate and supplement that history to provide proper context.

{¶8} The Crain family is from Weathersfield Township in Trumbull County, Ohio. Ralph and Margaret had seven children born from 1950 through 1960: Thomas;

2

Frederick; Marlys (who passed away in 1998); Bryan; Ms. McNelis; Ms. Sferra; and Ms. Pirock. For many years, Ralph and Margaret operated a farm and sold produce from a stand located on their property.

{¶9} Margaret died in 2013 at age 89. The plaintiffs objected to the appointment of Ralph as the executor of her estate, alleging that he was not mentally competent to serve. The trial court overruled the objection and appointed Ralph and Attorney Daniel Letson to serve as co-commissioners of Margaret's estate.

{¶10} The plaintiffs also alleged that after Margaret's death, Frederick and Bryan isolated Ralph from the rest of his family and asserted control over his personal affairs. According to the plaintiffs, they saw their father infrequently in the last year of his life.

{¶11} Ralph died in June 2014 at age 91. The day after his death, Frederick and Ms. Sferra filed competing applications in the probate court to administer Ralph's probate estate (case no. 2014 EST 0464). The probate court appointed Attorney David Shepherd ("Attorney Shepherd") as Special Administrator WWA. Following his appointment, Attorney Shepherd inspected the farmhouse to secure apparent valuables. He did not locate any lockboxes of money but later inventoried $727.37 in coins and $28.28 in Canadian coins. He also discovered a money market bank account containing $76,552.10.

{¶12} In July 2014, the plaintiffs filed a concealment action in the probate court, alleging that Frederick, Bryan, and two other individuals "concealed, embezzled, conveyed away and remain in possession of certain moneys and tangible personal property" of Margaret's estate (case no. 2014 CVA 0033). In December 2015, the probate court dismissed the plaintiffs' complaint for failing to present any evidence at trial in support of their claims.

3

{¶13} In September 2014, the plaintiffs filed a will-contest action in the probate court, alleging that Frederick and Bryan exerted undue influence over Ralph to change his will for their exclusive benefit (case no. 2014 CVA 0039). The matter was tried to a jury. The jury entered a verdict in the plaintiffs' favor and invalidated Ralph's later will. The probate court entered judgment in the plaintiffs' favor. Frederick and Bryan appealed, and we affirmed the probate court's judgment in *Sferra v. Shepherd*, 11th Dist. Trumbull No. 2014-T-0123, 2015-Ohio-2902.

{¶14} In February 2016, the plaintiffs filed an action in the probate court seeking a declaration that Frederick and Bryan withheld Ralph's prior will in violation of R.C. 2107.10(A) (case no. 2016 CVA 0002). The matter was tried to a jury. Frederick and Bryan moved for a directed verdict, asserting that the plaintiffs failed to establish that they had knowledge of or control over Ralph's prior will. The probate court granted Frederick's and Bryan's motion. The plaintiffs appealed, and we affirmed the probate court's judgment in *McNelis v. Crain*, 2016-Ohio-8523, 78 N.E.3d 1237 (11th Dist.).

{¶15} Meanwhile, in September 2014, Frederick delivered to Attorney Shepherd four sealed lockboxes and a safe that his father had allegedly given him for safekeeping. Attorney Shepherd inventoried the contents and determined that the lockboxes contained $20,379.80 in cash and coins. In November 2014, the plaintiffs filed exceptions to the amended inventory and appraisal that Attorney Shepherd filed in Ralph's estate, contending that $750,000 in cash was missing. Following an evidentiary hearing, the probate court filed a judgment entry dismissing the exceptions.

{¶16} The plaintiffs appealed, and we affirmed the probate court's judgment in *In re Estate of Crain*, 11th Dist. Trumbull No. 2016-T-0017, 2017-Ohio-2724. We found that the plaintiffs had failed to prove, by clear and convincing evidence, that $750,000 in cash

4

existed at the time of Ralph's death and should have been included in the amended inventory. *Id.* at ¶ 24. We noted that if the plaintiffs believed Frederick and Bryan had taken the allegedly missing money, they could have filed a concealment action pursuant to R.C. 2109.50. *Id.* at ¶ 23.

{¶17} In June 2017, the plaintiffs filed a concealment action in the probate court, alleging that Frederick and Bryan "concealed, embezzled, conveyed away or have possession of" assets belonging to Ralph's estate, including approximately $750,000 in cash (case no. 2017 CVA 0035). The plaintiffs voluntarily dismissed their action in November 2017.

{¶18} On October 26, 2018, Attorney Shepherd filed the final account in Ralph's estate, along with a certification stating that he served a copy on the estate's beneficiaries. The probate court scheduled a hearing on the final account. There is no indication that any party filed exceptions to the final account.

{¶19} In November 2018, the plaintiffs refiled their concealment action against Frederick and Bryan (case no. 2018 CVA 0039). The probate court issued writs of citation requiring Frederick and Bryan to appear for a jury trial. Prior to the start of the jury trial, the probate court held hearings on Frederick's motion in limine and motion to dismiss. On April 8, 2019, the probate court filed a judgment entry granting Frederick's motions and dismissed the concealment action.

{¶20} On April 29, 2019, the probate court filed an entry approving and settling the final account in Ralph's estate and discharging Attorney Shepherd as fiduciary. None of the parties appealed the probate court's entry.

{¶21} In May 2019, the plaintiffs appealed the probate court's dismissal of their concealment action. This court reversed the probate court's judgment and remanded for

5

further proceedings. *See Pirock v. Crain*, 2020-Ohio-869, 152 N.E.3d 842 (11th Dist.), *appeal not accepted*, 159 Ohio St.3d 1465, 2020-Ohio-3882, 150 N.E.3d 112.

{¶22} On remand, the concealment action was tried to a jury over three days in August 2021. Following deliberations, the jury issued verdicts finding Bryan "not guilty" and Frederick "guilty" of concealing assets belonging to Ralph. The probate court filed an entry rendering judgment on the jury's verdicts. On September 13, 2021, the probate court held an evidentiary hearing on damages.

{¶23} On September 16, 2021, the plaintiffs filed a motion to vacate the probate court's 2019 entry approving and settling the final account in Ralph's estate pursuant to R.C. 2109.35. The plaintiffs argued that the jury's verdict against Frederick established that he fraudulently concealed assets from Ralph's estate; therefore, the probate court should reopen the estate and reappoint Attorney Shepherd to administer the assets in accordance with Ralph's will.

{¶24} In October 2021, the probate court filed a judgment entry on damages in the concealment action. The probate court found that the plaintiffs failed to prove by a preponderance of the evidence that Ralph owned assets of approximately $782,000 at the time of his death. Rather, Frederick was found guilty because he possessed Ralph's lockboxes and safe before he turned them over to Attorney Shepherd in September 2014, which contained $20,379.80. The probate court assessed damages of $2,038 against Frederick and in favor of the state of Ohio, which represented a 10% penalty on the sum of $20,379.80, plus the costs of the proceeding.

{¶25} The probate court held a separate evidentiary hearing on the plaintiffs' request for attorney fees. In December 2021, the probate court filed a judgment entry denying the plaintiffs' request pursuant to the American rule.

6

Case No. 2022-T-0053

{¶26} The plaintiffs appealed the probate court's judgments. In *Pirock v. Crain*, 2022-Ohio-3612, 198 N.E.3d 996 (11th Dist.), we found that the plaintiffs failed to establish reversible error with respect to the probate court's assessment of damages. *See id*. at ¶ 6-7. However, we determined that the probate court erred in its application of the American rule by failing to consider the applicability of the "bad faith" exception. *Id*. at ¶ 9. Therefore, we affirmed the probate court's October 2021 judgment, reversed its December 2021 judgment, and remanded for further proceedings. *See id*. at ¶ 10. The plaintiffs appealed to the Supreme Court of Ohio, which declined jurisdiction. *See Pirock v. Crain*, Slip Opinion No. 2023-Ohio-381.

{¶27} During the pendency of the appeal, in January 2022, Frederick filed a brief in opposition to the plaintiffs' motion to vacate. Frederick stated that despite the certificate of service, the plaintiffs failed to properly serve a copy of their motion on his counsel. He argued the plaintiffs failed to present any factual or legal basis to vacate the 2019 entry based on fraud pursuant to R.C. 2109.35(A).

{¶28} In March 2022, the probate court held an evidentiary hearing on the plaintiffs' motion. Following argument from counsel, the plaintiffs presented testimony from Ms. Pirock. She testified that the jury found Frederick guilty of concealing approximately $782,000 in cash and coins. She further testified that during the jury trial, she first learned that Frederick had transferred farm equipment to himself while he held Ralph's power of attorney. During cross-examination, the plaintiffs' counsel stipulated that the plaintiffs had been claiming since September 2014 that Frederick and Bryan had stolen approximately $782,000 in cash and coins.

{¶29} On May 17, 2022, the probate court filed a judgment entry denying the plaintiff's motion to vacate. The probate court determined that fraud is not a necessary

7

element of a concealment action. It further determined Ms. Pirock's testimony did not prove, by clear and convincing evidence, "the elements, the existence and the perpetration of fraud."

{¶30} The plaintiffs appealed and present two assignments of error:

{¶31} "[1.] The Trial Court Disregarded a Clear Statute and Clear Judicial Precedent by Refusing to Reopen the Estate of Ralph Crain.

{¶32} "[2.] The Trial Court Abused its Discretion in Refusing to Reopen the Estate of Ralph Crain.

**Standard of Review**

{¶33} Both of the plaintiffs' assignments of error assert that the probate court erred in denying their motion to vacate. The probate court's decision whether to grant a motion to vacate pursuant to R.C. 2109.35 is within its sound discretion and will not be disturbed absent an abuse of discretion. *In re Stropky*, 5th Dist. Stark No. 2018CA00055, 2018-Ohio-5371, ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

8

**Application of Law**

{¶34}  In their first assignment of error, the plaintiffs contend that the probate court disregarded R.C. 2109.35(A) in denying their motion to vacate, which provides, in relevant part:

{¶35}  "The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:  * * * The order may be vacated for fraud, upon motion of any person affected by the order or upon the court's own order, if the motion is filed or order is made within one year after discovery of the existence of the fraud."

{¶36}  According to the plaintiffs, they met these statutory requirements because concealing assets from an estate is fraudulent; the jury's guilty verdict against Frederick established that he defrauded Ralph's estate; and they filed their motion within one year of the jury's guilty verdict.

{¶37}  The plaintiffs never asserted a fraud claim against Frederick, which they would have been required to pursue in the general division of the common pleas court. *See Rudloff v. Efstathiadis*, 11th Dist. Trumbull No. 2002-T-0119, 2003-Ohio-6686, ¶ 11. In addition, Ohio law does not support the proposition that the guilty verdict against Frederick in the concealment action was tantamount to a finding of fraud.

{¶38}  R.C. 2109.50 provides for a special statutory proceeding to discover concealed assets of an estate.  *In re Estate of Fife*, 164 Ohio St. 449, 453, 132 N.E.2d 185 (1956).  "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it * * *, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the estate * *

9

*." R.C. 2109.52. "[T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate." *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 407, 629 N.E.2d 500 (9th Dist.1993). The claimant's burden of proof is by a preponderance of evidence. *Kasick v. Kobelak*, 184 Ohio App.3d 433, 2009-Ohio-5239, 921 N.E.2d 297, ¶ 13 (8th Dist.). However, "scienter is not an essential element * * * under the concealment statute[,] and * * * a finding of guilt under R.C. 2109.52 does not require fraudulent or criminal intent." *Kish v. Kish*, 7th Dist. Mahoning No. 05 MA 186, 2006-Ohio-4686, ¶ 21; *see Gustafson v. Miller*, 5th Dist. Perry No. 15-CA-00008, 2015-Ohio-5515, ¶ 23 ("R.C. 2109.52 does not require the complaining party to establish fraud * * *").

{¶39} By contrast, "[i]n order to vacate an order of the probate court approving the final and distributive account on the basis of fraud [under R.C. 2109.35(A)], the movant must show fraud by clear and convincing evidence." *Mathe v. Fowler*, 13 Ohio App.3d 273, 469 N.E.2d 89 (11th Dist.1983), paragraph three of the syllabus. "The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus. "Cases vacating settlement orders on the basis of fraud usually involve an intentional misappropriation of funds by an administrator * * *." *Mathe* at 275; *see In re Estate of Sowande*, 11th Dist. Portage No. 2014-P-0018, 2014-Ohio-5384, ¶ 28-30 (discussing cases).

10

{¶40} Because of the different elements and standards of proof for concealment and fraud, we conclude that the guilty verdict against Frederick in the concealment action was not functionally equivalent to a finding of fraud pursuant to R.C. 2109.35(A).

{¶41} The plaintiffs' argument also presumes that the one-year period to file a motion to vacate under R.C. 2109.35(A) begins to run when fraud is *proven.* The Supreme Court of Ohio has held that "[a] cause of action for fraud * * * *accrues* either when *the fraud is discovered,* or [when] in the exercise of reasonable diligence, the fraud should have been discovered." (Emphasis added.) *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 29. Thus, the statute's reference to "discovery" relates to the *accrual* of a fraud claim rather than its legal establishment.

{¶42} The plaintiffs next contend that the probate court disregarded "clear judicial precedent" by denying their motion to vacate. The plaintiffs cite *In re Estate of George*, 20 Ohio App.2d 87, 252 N.E.2d 176 (3d Dist.1969), for the proposition that "[R.C. 2109.35] permits a probate court to set aside an order approving a fiduciary's final accounting and closing an estate 'where some asset remains upon which administration has not been exhausted and for some lawful purpose relating to that asset administration is required * * *.'" Brief at 6, quoting *George* at 90.

{¶43} *George* is not binding legal precedent, and the plaintiffs do not accurately characterize its holding. In *George*, the appellant sought the reopening of an estate and the reappointment of its administrators for the purpose of serving them with the summons for his personal injury lawsuit against the decedent, which the appellant filed within the applicable statute of limitations. *See id.* at 88. The Third District *did not* hold that the reopening of the estate was permitted under R.C. 2109.35. Rather, it held that "an administrator may be appointed to complete such administration only in a manner similar

11

to, and with the same formalities, as the original appointment of an administrator." *Id.* at 90.

{¶44} The Supreme Court of Ohio subsequently reversed the Third District's judgment; however, it did not do so on the basis that reopening was permitted under R.C. 2109.35. Rather, it held that "in a negligence action for the recovery of damages, instituted under R.C. 2117.07 against an administrator seeking to recover only from the decedent's liability insurer, where the administrator of the estate of the decedent has been discharged and the estate closed, the Probate Court may reappoint the administrator or appoint some other suitable person for the purpose of accepting service of summons." *In re Estate of George*, 24 Ohio St.2d 18, 21-22, 262 N.E.2d 872 (1970).

{¶45} The plaintiffs also cite this court's decisions in *In re Estate of Elersic*, 11th Dist. Lake No. 2008-L-181, 2009-Ohio-4803, and *In re Estate of Ryan*, 11th Dist. Lake No. 2010-L-075, 2011-Ohio-3891, ¶ 30, where we purportedly stated that "a closed estate should be reopened when assets that may belong to that estate have been identified." We did not make this statement in either case. In *Elersic*, the probate court closed the estate because there were no probate assets to administer. *See id.* at ¶ 8. We determined the probate court did not abuse its discretion in failing to subsequently reopen the estate where the movant "failed to offer any plausible evidence relating to the discovery of assets which could potentially trigger a reopening * * *." *Id.* at ¶ 40. In *Ryan*, we quoted *Elersic* in an appeal of the probate court's denial of an application to administer an estate where there were no probate assets. *See Ryan* at ¶ 30.

{¶46} It should be noted that fraud is not the only statutory basis for vacation of an order settling a fiduciary's account. R.C. 2109.35(B) permits the probate court to vacate the order "for good cause shown, other than fraud, upon motion of any person

12

affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it * * *." The plaintiffs have not expressly attempted to establish this exception, most likely due to the fact that, as beneficiaries, they were parties to Ralph's estate proceedings, and because there is no indication that they were unaware of the filing of, and the hearing on, the final account.

{¶47} In sum, the plaintiffs have not established that the probate court misapplied R.C. 2901.35(A) or binding judicial precedent in denying their motion to vacate.

{¶48} The plaintiffs' first assignment of error is without merit.

## Reasoning Process

{¶49} In their second assignment of error, the plaintiffs contend that the probate court's denial of their motion to vacate was "not the product of a sound reasoning process." According to the plaintiffs, the jury's guilty verdict against Frederick was "a totally justifiable reason to reopen the estate."

{¶50} The plaintiffs cite *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990), where the Supreme Court of Ohio stated, "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* at 161. The plaintiffs do not acknowledge the next sentence of the decision, where the court explained, "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* The reviewing court's task "is to determine whether there exists a sound reasoning process that [a lower court] might have used in reaching its determination * * *." *Id.* The reviewing court "is not required to determine that it would

13

have reached the same conclusion itself, had it been confronted with the question * * *."

*Id.*

{¶51} The probate court fully explained its reasoning process for denying the plaintiffs' motion to vacate. On appeal, the plaintiffs do not explain how the court's reasoning process was unsound; rather, they assert a "countervailing reasoning process" that supports "a contrary result." *AAAA Ents.* at 161. As such, the plaintiffs have not established that the probate court abused its discretion.

{¶52} The plaintiffs' second assignment of error is without merit.

{¶53} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0053